Argued and submitted October 15, Grants Pass High School, Grants Pass, affirmed November 10, 2004

# STATE OF OREGON,
*Respondent,*

*v.*

# LONNIE DWIGHT NOLLEN,
*Appellant.*

## 02-C53226; A121629

100 P3d 788

Robin A. Jones, Senior Public Defender, argued the cause for appellant. With her on the brief were Peter Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Defense Services.

David J. Amesbury, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Neufeld, Judge pro tempore.

LANDAU, P. J.

## LANDAU, P. J.

Defendant appeals a judgment of conviction for one count of burglary in the second degree, arguing that the state failed to prove all the elements of the offense. We affirm.

The relevant facts are not in dispute. St. Vincent de Paul (St. Vincent) is a charitable entity that, among other things, solicits the donation of goods "to help people." It maintains a "donation collection station" at the Salem-Keizer transfer station for recycling and disposal. The donation collection station consists of a semi-truck trailer that is transported to the transfer station. The trailer is unhooked from the tractor that transported it, and the trailer remains there until it is full, at which point a tractor is attached and the trailer is "switched out" with an empty trailer. St. Vincent has placed permanent signs near the trailer advertising it as a donation collection station. The trailer is open to the public. St. Vincent places a stairway next to the trailer so that members of the public may walk up the stairs and into the trailer to deposit their donations. Occasionally, St. Vincent attendants rearrange the donated goods to "maximize the load" for transport. After depositing goods in the trailer, members of the public may obtain a receipt from an attendant at a booth located elsewhere at the transfer station. St. Vincent locks the trailer each night.

Defendant entered and remained in one of St. Vincent's donation collection stations with intent to commit theft and was charged with burglary in the second degree. At trial, defendant moved for a judgment of acquittal, arguing that the state had failed to prove an element of the offense, namely that he had entered or remained unlawfully in a *building*. The trial court denied the motion, and defendant ultimately was convicted of the charge.

■    On appeal, defendant reiterates his contention that the state failed to prove that he had entered or remained unlawfully in a "building" within the meaning of the statute that defines the offense. According to defendant, at best, the state proved that he had entered or remained unlawfully in a *vehicle*. A "building," he argues, refers to a structure that typically contains persons for extended periods of time.

The state responds that the statute expressly defines a "building" to include "vehicles" that have been "adapted" for "carrying on business." According to the state, in this case, St. Vincent clearly adapted a vehicle for its business of collecting donated goods. Thus, the parked trailer was a "building" within the meaning of the statute.

■ When the facts are not in dispute, we review the denial of a motion for a judgment of acquittal as a question of law. *State v. Dahl*, 185 Or App 149, 57 P3d 965 (2002), *aff'd*, 336 Or 481 (2004).

The offense of second-degree burglary is committed when a "person enters or remains unlawfully in a building with intent to commit a crime therein." ORS 164.215(1). For the purposes of the statutes defining that offense, a "building" is defined, "in addition to its ordinary meaning," as including a "vehicle * * * adapted for overnight accommodation of persons or for carrying on business therein." ORS 164.205(1).

In this case, there is no debate that the St. Vincent trailer is a "vehicle." The contested issue is whether it was "adapted * * * for carrying on business therein." The ordinary meaning of "adapt" is "to make suitable (for a new or different use or situation) by means of changes or modifications." *Webster's Third New Int'l Dictionary* 23 (unabridged ed 1993). And the term "business" ordinarily refers to "a commercial or industrial enterprise" and to "transactions, dealings, or intercourse of any nature." *Id.* at 302. We are aware of nothing in the phrasing of the statute that suggests that the legislature intended to adopt anything other than the ordinary definitions of those terms.

It seems to us that, by detaching the trailer from the tractor that towed it, by leaving the trailer at the transfer station for some period of time, by placing stairs next to it, and by placing permanent signs near the trailer advertising it as a donation collection station, St. Vincent has "adapted" the trailer from its ordinary use as a transportation vehicle. It also seems clear to us that the adaptation was for the purpose of carrying on St. Vincent's business of collecting donated goods and redistributing them to needy persons. St. Vincent locks those donated goods in the trailer each

night, which permits the inference that it has taken ownership of those goods, uses the trailer to store them, and protects them from theft. That the trailer is not permanently located at the transfer station is not determinative; the statute does not require that the adaptation of a vehicle be permanent to make the vehicle a "building" as that term is used as an element of the offense of second-degree burglary.

The trial court did not err in denying defendant's motion for a judgment of acquittal.

Affirmed.