Submitted April 29, 2010, reversed April 13, 2011

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

PETER VICTOR DEPECHE,
aka Piotr Victorvich Lepesh,
*Defendant-Appellant.*

Multnomah County Circuit Court
070833740; A138304

252 P3d 861

Peter Gartlan, Chief Defender, and Marc D. Brown, Deputy Public Defender, Appellate Division, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Michael R. Washington, Senior Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Edmonds, Senior Judge.

ARMSTRONG, J.

## ARMSTRONG, J.

Defendant appeals a judgment of conviction for one count of felony failure to report as a sex offender, ORS 181.599 (2005),[1] assigning error to the trial court's denial of his motion for a judgment of acquittal. He argues that the evidence is insufficient to prove that he committed the offense because he attempted to make a timely report and was prepared to comply with all of the statutory requirements for reporting, but his report was refused. As explained below, we agree with defendant that his statutory obligation to report was satisfied and, accordingly, reverse.

The relevant facts are few and undisputed. Defendant was required to comply with the sex offender registration statutes as a result of his 1995 conviction for sexual abuse in the second degree, a felony for which he was sentenced to 60 months' probation. Sometime in early May 2007, defendant moved out of his residence in Portland and into a new one. On Monday, May 14, 2007, defendant went with his mother to the Beaverton Police Department to report his change of address, as required by ORS 181.596(4)(b)(A). The police department had no record of defendant's report and was unable to confirm that defendant had visited the department in May. However, the state does not dispute that defendant timely attempted to report his change of address with the Beaverton Police Department on May 14, "but, because he did not have proof of his new address—as is required by that police department—the department did not complete the registration form necessary to fulfill defendant's reporting requirement." He was subsequently charged, in Multnomah County Circuit Court, of one count of felony failure to report as a sex offender based on his failure to report his change of address. ORS 181.599(1)(c).[2]

---

[1] The sex offender reporting statutes referenced in this opinion, including ORS 181.599, ORS 181.596, and ORS 181.598 (all set out below), were amended in 2009, but those amendments do not apply in this case. *See* Or Laws 2009, ch 204, §§ 2, 4, 8, 10; Or Laws 2009, ch 713, §§ 3, 5, 5a, 15, 21, 24. Accordingly, all references in this opinion are to those statutes are to the 2005 versions.

[2] Defendant was also subsequently charged, in Washington County Circuit Court, with two counts of misdemeanor failure to report as a sex offender based on his failure to report within 10 days of his birth date, May 21. Based on our reasoning in this case, we also reversed those convictions. *See State v. Depeche (A139293)*, 242 Or App 155, 160, 255 P3d 502 (2011) (*Depeche II*).

Defendant was convicted, following a bench trial, of one count of felony failure to report as a sex offender.[3] He now appeals.

On appeal, defendant contends that he satisfied his legal obligation to report because he presented himself in person to the Beaverton Police Department within the required timelines and was fully prepared to comply with the statutory reporting requirements, but was refused.[4] The state responds that more is required under the statute than merely attempting to report; rather, according to the state, "defendant has reported only when he has provided sufficient information for an agency or official to complete a sex offender registration form." The address verification requirement, in the state's view, is a "logical" requirement for completing the form, given the purpose of the sex offender registration statutes to facilitate tracking of convicted sex offenders. Because defendant did not provide that verification or, alternatively, report to another law enforcement agency (presumably one that did *not* require proof of address), the state contends, the evidence was sufficient to convict defendant of the offense.

"When the facts are not in dispute, we review the denial of a motion for a judgment of acquittal as a question of law." *State v. Nollen*, 196 Or App 141, 144, 100 P3d 788 (2004) (citation omitted). The narrow issue on which this case turns is whether defendant satisfied the requirements of the sex offender reporting statutes by personally reporting his new address to the Beaverton Police Department within 10 days of changing his residence, but without providing verification of his address as required by the Beaverton Police Department. Resolution of that issue turns on the interpretation of the sex offender registry statutes.

ORS 181.599(1) defined the crime of failure to report as a sex offender. It provided, as pertinent here:

---

[3] An additional and unrelated charge, criminal mischief in the first degree, ORS 164.365, was dismissed by way of civil compromise.

[4] Unlike in *Depeche II*, also decided this date, *see* 242 Or App at 157 n 2, the issue of venue is not presented in this case. Defendant here argued that he was entitled to a judgment of acquittal based solely on failure of proof of reporting.

"A person who is required to report as a sex offender and who has knowledge of the reporting requirement commits the crime of failure to report as a sex offender if the person fails, as required by ORS 181.595, 181.596 or 181.597, to:

"* * * * *

"(c)   Report following a change of residence * * *;

"* * * * *

"(e)   Provide complete and accurate information."[5]

ORS 181.596(4),[6] in turn, specified the reporting require-ments for a person who, like defendant here, had been "dis-charged, released or placed on probation" after being con-victed in this state of a sex crime. ORS 181.596(2)(a). Specifically, ORS 181.596(4) provided, in part:

"(a)   Within 10 days following discharge or release, the person shall report, in person, to the Department of State Police, chief of police or county sheriff or to the supervising agency, if any.

"(b)   After making the report required by paragraph (a) of this subsection, the person shall report, in person:

"(A)   Within 10 days of a change of residence;

"* * * * *

"(c)   The person shall make the reports required by paragraph (b) of this subsection to the department, a chief of police, a county sheriff or the supervising agency, if any."

In addition, "as part of the registration requirement," ORS 181.596(5) provided that the Department of State Police, the chief of police, the county sheriff, or the supervising agency "[s]hall photograph the person and obtain the signature of the person," ORS 181.596(5)(a), and "[m]ay fingerprint the person," ORS 181.596(5)(b).

In turn, subject to an exception not relevant to this case, ORS 181.596(1)(a) required that "the agency or official

---

[5] Failure to report following a change of residence was a Class C felony if the crime for which the person was required to report was a felony. ORS 181.599(3)(b).

[6] ORS 181.595 and ORS 181.597 are not applicable in this case.

to whom a person reports under [ORS 181.596(4)] shall complete a sex offender registration form concerning the person when the person reports under [ORS 181.596(4)]." ORS 181.598(1) described the sex offender registration form as follows:

> "Agencies and officials required to register offenders under ORS 181.595, 181.596 and 181.597 shall use forms provided by the Department of State Police. *The department shall include places on the form to list all the names used by the offender and the address of the offender.* No later than three working days after registration, the agency or official completing the form shall:
>
> "(a)   Send the original copy of the registration form to the department; or
>
> "(b)   Forward the registration information to the department by any means and, within 10 working days after registration, send the original copy of the registration form to the department."

(Emphasis added.)

Thus, to avoid criminal liability for failing to comply with the statutory reporting requirements, defendant was required to "report," in person, to the Department of State Police, the chief of police,[7] or the county sheriff within 10 days of his change of residence. ORS 181.599(1)(c); ORS 181.596(4)(b)(A), (c). The ordinary meaning of the verb "report" is simply "to give an account of : NARRATE, RELATE, TELL." *Webster's Third New Int'l Dictionary* 1925 (unabridged ed 2002) (boldface and capitalization in original). However, the context in which the term is used adds additional meaning to that definition. *See, e.g., Vsetecka v. Safeway Stores, Inc.*, 337 Or 502, 508, 98 P3d 1116 (2004) ("Ordinarily, * * * text should not be read in isolation but must be considered in context." (Internal quotation marks omitted.)); *Hale v. Klemp*, 220 Or App 27, 32, 184 P3d 1185 (2008) ("When we examine the text of the statute, we always do so in context, which includes, among other things, other provisions of the statute of which the disputed provision is a part.").

---

[7] The parties appear to agree that reporting to the Beaverton Police Department was the equivalent of reporting to the "chief of police."

Here, the context makes clear that photographing the person who was reporting, obtaining the person's signature and, if the agency or official so chose, fingerprinting the person were also "part of" the reporting process. ORS 181.596(5). Moreover, because the entity accepting a "report" was obliged to use a form that was required to have spaces to "list all the names used by the offender and the address of the offender," ORS 181.598(1), those particulars—that is a "listing" of the offender's address and any aliases used by the offender—were also required components for reporting.

Notably, however, nothing in the context of the statute indicated that a person who reported was required to provide proof of his or her address in order to comply with the reporting requirement. The state argues, essentially, that an address verification requirement was nonetheless *implied* because the purpose of the statute—to track sex offenders— "would be compromised if sex offenders were allowed to provide addresses that could not be verified for purposes of reporting a change of address." That may make sense, as the state suggests; however, it is not our function in construing statutes to "insert what has been omitted." ORS 174.010; *see also Faverty v. McDonald's Restaurants*, 133 Or App 514, 533, 892 P2d 703 (1995), *rev dismissed*, 326 Or 530 (1998) ("Inchoate intentions are not law, only those intentions that are manifested in language that is enacted.").

Indeed, the state's position is undercut, to some degree, by another subsection of ORS 181.598—one that explicitly provided an address-verification process applicable to certain "sexually violent dangerous offenders" (which does not include defendant). Specifically, ORS 181.598(2) stated:

> "If the person is no longer under supervision, the department shall verify the residence address of a person determined to be a sexually violent dangerous offender as defined in ORS 137.765 every 90 days by mailing a verification form to the person at the person's last reported residence address. No later than 10 days after receiving the form, the person shall sign and return the form to the department."

That indicates that the legislature knew how to fashion an address-verification requirement when it intended to include

one. We note also that providing incomplete or inaccurate information could itself have formed the basis for a charge of failing to report as a sex offender, *see* ORS 181.599(1)(e), thus furthering the goal of ensuring accurate reporting by sex offenders of their addresses.

In short, although we agree with the state that, to avoid liability for the crime of failure to report as a sex offender under ORS 181.599, defendant was required to "provide[ ] sufficient information for an agency or official to complete a sex offender registration form," defendant did so in this case. Thus, the evidence was insufficient to convict him of that offense, and the trial court erred in denying his motion for a judgment of acquittal.

Reversed.