**UNITED STATES of America, Plaintiff,**

v.

**Ryan Michael SNYDER, Defendant.**

**No. 1:09–cr–30033–PA.**

United States District Court, D. Oregon, Medford Division.

Signed March 11, 2014.

Douglas W. Fong, United States Attorney's Office, Medford, OR, for Plaintiff.

## ORDER

PANNER, District Judge:

Defendant Ryan Michael Snyder is set to be sentenced for the second time on his conviction for being a felon in possession of a firearm. The Ninth Circuit reversed this court's sentence and remanded for resentencing. *United States v. Snyder,* 643 F.3d 694 (9th Cir.2011) (*Snyder*), cert. denied, —— U.S. ——, 132 S.Ct. 1909, 182 L.Ed.2d 777 (2012). The Ninth Circuit ruled defendant has three prior convictions that qualify as violent felonies under the Armed Career Criminal Act (the ACCA), and must receive the ACCA's mandatory minimum sentence of fifteen years' imprisonment.

But after the Ninth Circuit issued *Snyder,* the Supreme Court decided *Descamps v. United States,* —— U.S. ——, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), which rejected the Ninth Circuit's approach for determining whether a prior conviction is a violent felony. *See id.,* 133 S.Ct. at 2287 (abrogating *United States v. Aguila–Montes de Oca,* 655 F.3d 915 (9th Cir.2011) (en banc) (per curiam)). Because the Ninth Circuit relied on decisions that *Descamps* overruled, *Snyder* is not binding. I reinstate the sentence previously imposed.

## PROCEDURAL BACKGROUND

Defendant pleaded guilty to being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g). By itself, the crime carries a maximum sentence of ten years in prison, but a defendant with three prior convictions for violent felonies or serious drug offenses faces a mandatory minimum sentence of fifteen years. 18 U.S.C. § 924(e).

At sentencing, the government argued defendant had three prior convictions for violent felonies: (1) second-degree assault and second-degree robbery [1]; (2) second-degree burglary; and (3) attempting to elude police. Defendant argued his convictions for second-degree burglary and attempting to elude were not violent felonies.

I concluded second-degree burglary was a violent felony,[2] but attempting to elude police was not. Because the ACCA mandatory minimum sentence did not apply, I sentenced defendant to 110 months in prison, the low end of the guideline range.

On appeal, the government contended attempting to elude police was a violent felony. Defendant, contended second-degree burglary was not a violent felony.

On June 9, 2011, while the parties' cross-appeals were pending, the Supreme Court ruled that an Indiana conviction for fleeing police was a violent felony under the ACCA. *Sykes v. United States,* —— U.S. ——, 131 S.Ct. 2267, 180 L.Ed.2d 60 (2011).

On June 30, 2011, the Ninth Circuit affirmed that second-degree burglary was a violent felony, but reversed this court's ruling that attempting to elude was not a violent felony. The Ninth Circuit held *Sykes* controlled because the Indiana statute at issue there was "similar enough" to the Oregon statute. 643 F.3d at 699. The Ninth Circuit remanded for sentencing to the ACCA's mandatory minimum.

In June 2013, the Supreme Court issued *Descamps.*

---

**1.** Because these convictions arose from one incident, they count as a single violent felony. *See* 18 U.S.C. § 924(e)(1).

**2.** Based on *Descamps,* I now conclude that Oregon second-degree burglary is not a violent felony for ACCA purposes.

## LEGAL STANDARDS

■ When a Ninth Circuit decision becomes " 'clearly irreconcilable' with the reasoning or theory of intervening higher authority," this court must follow the higher authority. *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 979 (9th Cir.2013) (quoting *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir.2003) (en banc)). "The issues presented in the two cases need not be identical in order for the intervening higher authority to be controlling." *Id.*

## DISCUSSION

### I. The ACCA's Definition of Violent Felony

The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year ... that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).

The ACCA has three tests to determine whether a prior conviction is a violent felony. First, the sentencing court asks whether the prior crime requires proof that the defendant used, attempted to use, or threatened to use physical force against another person. 18 U.S.C. § 924(e)(2)(B)(i). The "force clause" does not apply here because neither burglary nor attempting to elude, police includes an element of force.

■ Second, if the crime does not include an element of force, the sentencing court asks whether the elements of the prior crime match the elements of one of the ACCA's list of "generic" crimes: burglary, arson, extortion, or crimes involving explosives. "To determine whether a past conviction is for one of those crimes, courts

use what has become known as the 'categorical approach': They compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime—*i.e.*, the offense as commonly understood." *Descamps*, 133 S.Ct. at 2281.

Third, if the prior crime is not a generic crime, the sentencing court asks whether the prior crime "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). This is the ACCA's "residual clause."

### II. Second–Degree Burglary Under Oregon Law

#### A. Oregon Burglary Is Not Generic Burglary

■ Defendant pleaded guilty to second-degree burglary. Under Oregon law, "a person commits the crime of burglary in the second-degree if the person enters or remains unlawfully in a building with intent to commit a crime therein." Or.Rev. Stat. § 164.215(1). For ACCA purposes, the Supreme Court defines generic burglary as an " 'unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.' " *Descamps*, 133 S.Ct. at 2283 (quoting *Taylor v. United States*, 495 U.S. 575, 599, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990)).

■ Making the categorical comparison, the elements of the Oregon burglary statute appear to match the elements of generic burglary, but Oregon defines "building" more broadly to include nonstructures: "building, in addition to its ordinary meaning includes any booth, vehicle, boat, aircraft or other structure adapted for overnight accommodations of persons or for carrying on business therein." Or.Rev.Stat. § 164.205(1). Because of Oregon's broad definition of "building,"

burglary under the Oregon statute is not generic burglary. *United States v. Grisel*, 488 F.3d 844, 850 (9th Cir.2007) (en banc).

## B. The Oregon Burglary Statute Is Not Divisible

 The categorical approach generally prohibits the sentencing court from considering "the specific conduct that resulted in the conviction or the circumstances under which the crime was committed." *Aguilar–Turcios v. Holder*, 740 F.3d 1294, 1300 (9th Cir.2014). In a few cases, however, the sentencing court may use the so-called modified categorical approach, which allows the court to go beyond the statute itself and examine "certain documents in the record or judicially noticeable facts." *Aguilar–Turcios*, 740 F.3d at 1301. The modified categorical approach applies only if the underlying criminal statute is "divisible," listing elements in the alternative and in effect creating alternative versions of the crime. *Descamps*, 133 S.Ct. at 2284. The modified categorical approach is a tool "to identify, among several alternatives, the crime of conviction so that the court can compare it to the generic offense." *Id.* at 2285 (footnote omitted). The Ninth Circuit erred here and in *Descamps* by applying the modified categorical approach when the criminal statutes were not divisible, but instead contained "a single, 'indivisible' set of elements sweeping more broadly than the corresponding generic offense." *Id.* at 2283 (footnote omitted).

 Federal law governs whether a crime is a "violent felony," but when "determining the meaning or scope of the crime of conviction," this court is "bound by the state courts' interpretations of state criminal statutes." *United States v.*

*Flores–Cordero*, 723 F.3d 1085, 1087 (9th Cir.2013). Under' Oregon law, to determine whether a statute sets out multiple crimes (i.e., is a divisible statute), or multiple means of committing a single crime, the court looks to "the text and context of the statute." *State v. White*, 346 Or. 275, 285, 211 P.3d 248, 254 (2009).

The text of the Oregon burglary statute indicates that "building" is a single element. I did not find Oregon decisions directly on point. *Cf. State v. Nollen*, 196 Or.App. 141, 145, 100 P.3d 788, 789 (2004) (detached tractor-trailer is a " 'building' as that term is used as an element of the offense of second degree burglary"). I note Oregon's model criminal jury instructions for burglary require proof that the defendant entered a "building," and use the statute's broad definition of the word. *See* Or. Unif. Cr. Jury Instruction No. 1903 (2009 revision).[3]

Here, applying the modified categorical approach, the Ninth Circuit found the indictment "did not simply allege [defendant] entered or remained in any unnamed building. It designated a specific building occupied by a business: 'a building located at 1341 Rogue River Highway, (Friendly Motors).' " 643 F.3d at 698.

Judge Tashima's reluctant concurrence illustrates why the modified categorical approach does not work with indivisible statutes. The problem is that "just because the broad statutory term 'building' is accompanied by a street address does not necessarily make the statutory term more narrow or precise. *"Building" still means "building," as defined in the statute."* *Snyder*, 643 F.3d at 700 (Tashima, J., concurring) (emphasis added). Judge Tashima explained that "accompanying the

---

**3.** The model instruction requires proof that the defendant "entered or remained unlawfully in the premises described in the charge" and the "premises described in the charge is a building." Or. Unif. Cr. Jury Instruction No ... 1903. "Premises" is defined as "any building and any real property, whether privately or publicly owned." *Id.*, No. 1900(9).

statutory term 'building' with a street address" cannot "narrow[ ] the meaning of the term to mean less than what the statute defines it to mean." *Id.* The indictment

> could just as well have alleged that the defendant entered a trailer located at 1341 Rogue River Highway. Any term can be accompanied by a street address. For all we know from the indictment, 1341 Rogue River Highway could be the address of a five or ten acre lot full of trucks, trailers, RVs, booths, and sheds, as well as the site of a generic building. Thus, for purposes of the modified categorical approach, accompanying the statutory term "building" with a street address does nothing, categorically, to aid the analysis.

*Id.*

Because the elements of Oregon burglary do not match the elements of generic burglary, a conviction under the Oregon statute cannot be generic burglary, regardless of the underlying facts of the crime. *See Descamps,* 133 S.Ct. at 2293.

## C. Second–Degree Burglary Is Not a Violent Felony Under the Residual Clause

The government 'argues that even if defendant's burglary conviction is not for the generic crime, the conviction still qualifies as a violent felony under the ACCA's residual clause.'

 The categorical approach also applies to the residual clause. The sentencing court may consider only " 'whether the elements of the offense are of the type that would justify its inclusion within the residual provision, without inquiring into the specific conduct of this particular offender.' " *Sykes,* 131 S.Ct. at 2272 (quot-

ing *James v. United States,* 550 U.S. 192, 202, 127 S.Ct. 1586, 167 L.Ed.2d 532 (2007)). The court first asks whether conduct covered by the offense "in the ordinary case ... 'presents a serious potential risk of physical injury to another.' " *United States v. Chandler,* 743 F.3d 648, 650 (9th Cir.2014) (per curiam) (quoting 18 U.S.C. § 924(e)(2)(B)(ii) (omitting further quotation marks and citations)). If so, the court asks whether the offense is " 'roughly similar, in kind as well as in the degree of risk posed' " to burglary of a dwelling, arson, extortion, or crimes involving explosives. *Id.* (quoting *United States v. Park,* 649 F.3d 1175, 1178 (9th Cir.2011) (omitting further quotation marks and citation), *cert. denied,* —— U.S. ——, 132 S.Ct. 1119, 181 L.Ed.2d 1010 (2012)).

### 1. Serious Potential Risk of Physical Injury

 Although the Ninth Circuit has held that Oregon first-degree burglary is a violent felony under the residual clause, the court has not analyzed second-degree burglary under the residual clause. *See United States v. Mayer,* 560 F.3d 948, 962–63 (9th Cir.2009) (first-degree burglary)[4]; *United States v. Grisel,* 488 F.3d 844, 851 n. 8 (9th Cir.2007) (en banc) (declining to address whether Oregon second-degree burglary "satisfies the categorical inquiry under the residual clause").

*Mayer* does not control here because second-degree burglary, as defined by Oregon law, is inherently less dangerous than first-degree burglary. A conviction for first-degree burglary 'under Oregon law requires proof of conduct that is violent or could lead to violence, such as breaking into a dwelling; causing or attempting to cause physical injury to another; or using

---

4. Chief Judge Kozinski disagreed with the opinion in *Mayer,* stating "Oregon prosecutes as burglars' people who pose *no* risk of injury to anyone." *Mayer,* 560 F.3d at 952 (Kozinski, C.J., dissenting from denial of rehearing en banc).

or threatening to use a dangerous weapon.' *See* Or.Rev.Stat. § 164.225(1). In contrast, second-degree burglary covers conduct that in the ordinary case poses little risk of physical confrontation, such as stealing from a phone booth or an unoccupied vehicle. *See, e.g., State v. Keys*, 244 Or. 606, 419 P.2d 943 (1966) (burglary conviction for stealing change from public telephone booths) (interpreting prior burglary statute); *State v. Nollen*, 196 Or. App. 141, 100 P.3d 788 (2004) (affirming second-degree burglary conviction for entering unattended detached tractor-trailer).

Physical confrontation is possible during the commission of second-degree burglary, but that is true of almost any crime. *See United States v. Farrell*, 672 F.3d 27, 34 (1st Cir.2012) ("'getting caught in the act' escalates the potential for violence"; holding that Massachusetts breaking and entering statute was not a violent felony under the residual clause). If the mere possibility of physical confrontation is sufficient, then shoplifting would be a violent felony. Much of the conduct encompassed by second-degree burglary in the ordinary case does not present a serious potential risk of physical injury to another.

### 2. Similarity in Type and Degree of Risk

Second-degree burglary under the Oregon statute does not pose a risk similar to generic burglary. The Oregon offense is not a violent felony under the residual clause of the ACCA.

### III. Conviction for Attempting to Elude

Relying on *Sykes*, the Ninth Circuit found defendant's conviction for attempting to elude police was a violent felony. *Snyder*, 643 F.3d at 699. *Sykes* remains intact after *Descamps*. *See Descamps*, 133 S.Ct. at 2293 n. 6.(declining to address the residual clause because government forfeited the issue).

### CONCLUSION

Because defendant has two violent felony convictions, he is not subject to the ACCA mandatory minimum sentence. Defendant is sentenced to 110 months' imprisonment with credit for time served. An amended judgment will follow.

IT IS SO ORDERED.