**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

JORGE ARMANDO CISNEROS,
*Defendant-Appellant.*

No. 13-30066

D.C. No.
1:11-cr-30051-PA-1

OPINION

On Remand From the United States Supreme Court

Filed June 22, 2016

Before: Alfred T. Goodwin, Sandra S. Ikuta, and N. Randy
Smith, Circuit Judges.

Opinion by Judge N.R. Smith

## SUMMARY[*]

### Criminal Law

On remand from the Supreme Court, the panel vacated a sentence and remanded for resentencing without application of the 15-year mandatory minimum prison term required by the Armed Career Criminal Act where a defendant has three previous convictions that qualify as a "violent felony" or "serious drug offense."

The defendant conceded that his conviction for conspiracy to deliver a controlled substance under Oregon Revised Statutes sections 161.450 and 475.752 is a serious drug offense under *United States v. Parry*, 479 F.3d 722 (9th Cir. 2007). The panel rejected the defendant's argument that *Parry* was wrongly decided, and noted that a three-judge panel may not overrule a prior decision of the court. The panel agreed with the government's concession that the defendant's convictions for fleeing or attempting to elude a police officer under Oregon Revised Statutes section 811.540(1) are not serious drug offenses or violent felonies.

The panel held that the defendant's burglary convictions under Oregon Revised Statutes section 164.225 do not qualify as violent felonies because the Oregon statute defines "building" more broadly than does generic burglary and the building element of section 164.225 is indivisible.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Brian C. Butler, Assistant Federal Public Defender, Federal Public Defender's Office, Medford, Oregon, for Defendant-Appellant.

Douglas W. Fong, Assistant United States Attorney; Kelly A. Zusman, Appellate Chief; Billy J. Williams, United States Attorney; Office of the United States Attorney, Medford, Oregon; for Plaintiff-Appellee.

**OPINION**

N.R. SMITH, Circuit Judge:

Jorge Armando Cisneros appeals the district court's decision to sentence him to a mandatory-minimum sentence of fifteen years in prison under the Armed Career Criminal Act ("ACCA"). *See* 18 U.S.C. § 924(e)(1). Cisneros does not have "three previous convictions" that qualify as "a violent felony or a serious drug offense" under ACCA. *Id.* Accordingly, we vacate Cisneros's sentence and remand to the district court for resentencing.

**I.**

Under ACCA, a defendant convicted of violating 18 U.S.C. § 922(g) faces a fifteen-year mandatory-minimum sentence if he "has three previous convictions . . . for a violent felony or a serious drug offense, or both." *Id.* § 922(e)(1). ACCA defines "serious drug offense" as follows:

(i) an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46, for which a maximum term of imprisonment of ten years or more is prescribed by law; or

(ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law[.]

*Id.* § 924(e)(2)(A). ACCA also defines "violent felony":

any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that–

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, [or] involves use of explosives[.]

*Id.* § 924(e)(2)(B).

At the time the district court sentenced Cisneros, a prior conviction also qualified as a violent felony if it "otherwise involve[d] conduct that presented a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). We previously relied on this "residual clause" to affirm Cisneros's sentence. *See United States v. Cisneros*, 763 F.3d 1236 (9th Cir. 2014). However, the Supreme Court subsequently invalidated ACCA's residual clause, reasoning that it violated "the Constitution's prohibition of vague criminal laws." *Johnson v. United States*, 135 S. Ct. 2551, 2555–57 (2015). Therefore, we must determine whether, in the absence of ACCA's residual clause, at least three of Cisneros's previous convictions nonetheless qualify as predicate offenses.

## II.

On November 26, 2012, Cisneros pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The government sought to enhance Cisneros's sentence under ACCA. *See* 18 U.S.C. § 924(e). The government based its proposed sentence enhancement on six of Cisneros's prior convictions: one conviction for conspiracy to deliver a controlled substance, *see* Or. Rev. Stat. §§ 161.450, 475.752, three convictions for fleeing or attempting to elude a police officer, *see id.* § 811.540(1), and two convictions for first-degree burglary, *see id.* § 164.225. The district court held that all six of Cisneros's prior convictions qualified as ACCA predicate offenses and sentenced Cisneros to the mandatory-minimum sentence of fifteen years in prison.

## III.

We review de novo whether Cisneros's prior convictions qualify as predicate offenses under ACCA. *United States v. Bonat*, 106 F.3d 1472, 1474 (9th Cir. 1997). We must determine whether at least three of Cisneros's previous convictions are either serious drug offenses or violent felonies under ACCA.

## IV.

We would first address Cisneros's conviction for conspiracy to deliver a controlled substance under Oregon Revised Statutes sections 161.450 and 475.752. However, Cisneros concedes that this prior conviction is a serious drug offense under *United States v. Parry*, 479 F.3d 722, 724–25 (9th Cir. 2007).[1]

We next review Cisneros's three convictions for fleeing or attempting to elude a police officer under Oregon Revised Statutes section 811.540(1). The government concedes that these prior convictions are not serious drug offenses or violent felonies. We agree. These prior convictions are not serious drug offenses under § 922(e)(2)(A). Further, they are not violent felonies—they did not have "as an element the use, attempted use, or threatened use of physical force," *see* § 924(e)(2)(B)(i), and are not one of the enumerated offenses listed in § 924(e)(2)(B)(ii).

---

[1] We reject Cisneros's argument that *Parry* was wrongly decided; further, as a "three-judge panel[, we] may not overrule a prior decision of the court." *Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003) (en banc).

**V.**

Accordingly, in order for ACCA's mandatory-minimum sentence to apply to Cisneros, both of his previous convictions for first-degree burglary under Oregon Revised Statutes section 164.225[2] must qualify as either serious drug offenses or violent felonies. It is evident that such convictions do not qualify as serious drug offenses under § 922(e)(2)(A). Further, they do not have "as an element the use, attempted use, or threatened use of physical force." *See* § 924(e)(2)(B)(i).

Therefore, we must determine whether Cisneros's convictions for first-degree burglary qualify as violent felonies under § 924(e)(2)(B)(ii)—i.e. whether a conviction for first-degree burglary under Oregon law is a categorical match to generic burglary under federal law. In order to do so, we apply the three-step process set forth in *Descamps v. United States*, 133 S. Ct. 2276 (2013):

> At the first step, we compare the elements of the state offense to the elements of the generic offense defined by federal law. If this "categorical approach" reveals that the elements of the state crime are the same as or narrower than the elements of the federal offense, then the state crime is a categorical

---

[2] Section 164.225 provides in relevant part: "A person commits the crime of burglary in the first degree if the person violates ORS 164.215 [the second degree burglary statute] and the building is a dwelling."

Section 164.215 provides: "[A] person commits the crime of burglary in the second degree if the person enters or remains unlawfully in a building with intent to commit a crime therein."

match and every conviction under that statute qualifies as an aggravated felony. When a statute is "overbroad," meaning that it criminalizes conduct that goes beyond the elements of the federal offense, we turn to step two: determining whether the statute is "divisible" or "indivisible." If the statute is indivisible, "our inquiry ends, because a conviction under an indivisible, overbroad statute can *never* serve as a predicate offense." Only when a statute is overbroad and divisible do we turn to step three—the "modified categorical approach." At this step, we may examine certain documents from the defendant's record of conviction to determine what elements of the divisible statute he was convicted of violating.

*Lopez-Valencia v. Lynch*, 798 F.3d 863, 867–68 (9th Cir. 2015) (internal citations omitted) (citing *Descamps*, 133 S. Ct. at 2293).

### A. *Step One: Oregon's Burglary Statute is Overbroad.*

The first step is to "compare the elements of the crime of conviction . . . with the elements of the generic crime." *Descamps*, 133 S. Ct. at 2281. We have previously determined that Oregon's first-degree burglary statute is not a "categorical match" to generic burglary. In *United States v. Grisel*, we recognized that "Oregon defines second-degree burglary more broadly than the ACCA," because "[t]he text of the statute expressly includes in its definition that which the Supreme Court expressly excluded from the generic, federal definition." 488 F.3d 844, 850 (9th Cir. 2007) (en

banc).  In *United States v. Mayer*, we confirmed that Oregon defines first-degree burglary more broadly as well.  560 F.3d 948, 959 (9th Cir. 2009) ("Oregon Revised Statutes section 164.225 is therefore broader than the definition of generic burglary because the statute does not limit burglary to 'building[s] or structure[s],' but also includes non-structures (such as booths, vehicles, boats, and aircraft) that are regularly or intermittently used as lodgings." (alterations in original)).

Confirming our prior analysis, Cisneros was convicted of first-degree burglary under Oregon Revised Statutes section 164.225.  Under such law, a person commits first-degree burglary if he "enters or remains unlawfully in a building with intent to commit a crime therein," Or. Rev. Stat. § 164.215, "and the building is a dwelling," Or. Rev. Stat. § 164.225.  Oregon defines "building" to include "in addition to its ordinary meaning . . . any booth, vehicle, boat, aircraft or other structure adapted for overnight accommodation of persons or for carrying on business therein."  Or. Rev. Stat. § 164.205(1).  Oregon defines "dwelling" as "a building which regularly or intermittently is occupied by a person lodging therein at night, whether or not a person is actually present."  *Id.* § 164.205(2).

Similar to Oregon's burglary statute, generic burglary has "the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime."  *Taylor v. United States*, 495 U.S. 575, 599 (1990). However, the "building or structure" element of generic burglary does not include booths, vehicles, boats, or aircrafts. *See id.* ("A few States' burglary statutes . . . define burglary more broadly . . . by including places, such as automobiles and vending machines, other than buildings.").

Accordingly, Oregon's burglary statute is not a categorical match to generic burglary, because the Oregon statute defines building more broadly than does generic burglary and therefore criminalizes more conduct than generic burglary.

### B. *Step Two: Oregon's Burglary Statute is Indivisible.*

Step two requires us to determine whether Oregon Revised Statutes section 164.225 has "multiple, alternative elements, and so effectively creates 'several different . . . crimes.'" *Descamps*, 133 S. Ct. at 2285 (quoting *Nijhawan v. Holder*, 557 U.S. 29, 41 (2009)). If the statute has alternative elements, "it is divisible and we continue to step three—the modified categorical approach." *Almanza-Arenas v. Lynch*, 815 F.3d 469, 476 (9th Cir. 2015) (en banc). However, if the statute "has a 'single, indivisible set of elements' with different means of committing one crime, then it is indivisible and we end our inquiry, concluding that there is no categorical match to the generic federal offense." *Id.* at 476–77 (quoting *Descamps*, 133 S. Ct. at 2286).

The first step of our divisibility inquiry "begins with the text of the statute of conviction." *Id.* at 477 (citing *Richardson v. United States*, 526 U.S. 813, 818 (1999)). The text of Oregon Revised Statutes section 164.225 presents three elements: (1) a person enters or remains unlawfully; (2) a building that is a dwelling; and (3) the person had the intent to commit a crime at the time of entering or remaining unlawfully. *See* Or. Rev. Stat. §§ 164.215, 164.225. Cisneros first argues that the second element of section 164.225 is indivisible, because the alternative definitions of building represent different means of committing the same offense. We agree. Although Oregon Revised Statutes

section 164.205(1) uses disjunctive phrasing to define building—"any booth, vehicle, boat, aircraft, or other structure"—here "the use of 'or' does not create additional elements." *Almanza-Arenas*, 815 F.3d at 478. "Rather, the disjunctive phrasing creates different means of committing the one offense." *Id.* The text of the statute does not suggest that a trier of fact must specify which alternative applies for any given conviction.

We next look to "confirm this statutory interpretation by first examining the *Shepard* documents to see whether the statute displays alternative elements instead of alternative means of committing the same crime." *Id.* at 478 (citing *Descamps*, 133 S. Ct. at 2285 n.2); *see generally Shepard v. United States*, 544 U.S. 13 (2005). The indictments for both of Cisneros's burglary convictions state that he was accused of "Burglary in the First Degree." Similarly, the plea colloquies both state that Cisneros pleaded guilty to "Burglary in the First Degree."[3] Neither the indictments nor

---

[3] Cisneros's indictments and plea colloquies further describe the underlying facts of the crimes and explain that, on both occasions, Cisneros entered a dwelling located at a specific address. In *United States v. Snyder*, we applied the modified categorical approach (without first conducting a divisibility analysis) to Oregon's second-degree burglary statute and determined that the use of "the term 'building' together with a street address provided adequate proof . . . that the defendant was convicted of the entering or remaining in a 'building' . . . as is meant in the generic definition of burglary." 643 F.3d 694, 698 (9th Cir. 2011). We concluded that "[b]ecause the facts admitted constitute generic burglary, that alone is enough for it to be a predicate crime under ACCA." *Id.* at 697. However, our decision in *Snyder* predates *Descamps*, where the Supreme Court concluded that the modified categorical approach only applies if a statute is divisible. 133 S. Ct. at 2282. As explained herein, Oregon Revised Statutes section 164.225 is not divisible. "The modified approach thus has no role to play in this case." *Id.* at 2285.

the plea colloquies show "that [a] jury necessarily had to find an entry of a building [in its ordinary meaning] to convict." *Taylor*, 495 U.S. at 602.

Finally, "we must verify that our interpretation of elements versus means is consistent with how [Oregon] would instruct a jury as to this offense." *Almanza-Arenas*, 815 F.3d at 479. Oregon's pattern criminal jury instructions make clear that Oregon law treats the disjunctive phrasing in the definition of "building" as the means of committing the offense and not separate elements. Oregon Uniform Criminal Jury Instruction No. 1901 provides the appropriate instruction for persons who are charged with violating Oregon Revised Statutes section 164.225:

> Oregon law provides that a person commits the crime of burglary in the first degree if the person enters or remains unlawfully in a dwelling with the intent to commit a crime therein.
>
> In this case, to establish the crime of burglary in the first degree, the state must prove beyond a reasonable doubt the following elements:
>
> (1) The act occurred on or about _____, 20___;

(2) [*Defendant's name*] entered or remained unlawfully in the premises described in the charge[4];

(3) The premises described in the charge is a dwelling; and

(4) At the time of entering or remaining unlawfully, [*defendant's name*] had the intent to commit the crime of _____ therein.

Under this instruction, a jury is not required to specify which alternate type of building applies.

Oregon federal district courts have likewise concluded that Oregon's burglary statutes are not divisible. *See, e.g.*, *United States v. Mayer*, —F. Supp. 3d—, 2016 WL 520967, at *8 (D. Or. Feb. 5, 2016) (concluding that Oregon's first-degree burglary statute is not divisible because the definition of building does not provide for alternative elements); *United States v. Bayya*, No. 3:13-cr-00558-HZ, 2015 WL 8751795, at *3 (D. Or. Dec. 14, 2015) ("'[B]uilding' is a single element of first-degree burglary and does not encompass separate,

---

[4] Under Oregon law, there is no evidence that an indictment must specify whether the dwelling at issue was a building (in the ordinary sense) rather than a booth, vehicle, boat, aircraft, or other structure. Indeed, the comments to Oregon Uniform Criminal Jury Instruction No. 1901 refer generally to the statutory definition of "dwelling" and "building." In contrast, the comments explain that for the intent element of burglary, an indictment must specify the crime a defendant intended to commit at the time of the unlawful entry. *See also State v. Sanders*, 572 P.2d 1307, 1309 (Or. 1977) (concluding that an indictment must "specify[] the intent which the defendant is charged with having at the time of the breaking and entering").

alternative crimes . . . there is no indication that the legislature intended to require juror unanimity about the type of building into which a defendant unlawfully entered or remained before finding him guilty of burglary."); *United States v. Snyder*, 5 F. Supp. 3d 1258, 1263 (D. Or. 2014) ("The text of the Oregon burglary statute indicates that 'building' is a single element.").

## VI.

Cisneros also argues that, aside from the "building" element, the "enters or remains unlawfully" element is indivisible. We have already concluded that the "building" element of Oregon's first-degree burglary statute is indivisible. Thus, whether the "enters or remains unlawfully" element is also indivisible is irrelevant to our analysis. Even if we were to assume that "enters or remains unlawfully" creates two separate crimes, a conviction under Oregon's first-degree burglary statute could never be a categorical match to generic burglary because of the "building" element. Accordingly, we need not determine whether the enters or remains unlawfully element is divisible.

## VII.

Oregon Revised Statutes section 164.225 is not divisible. "This conclusion ends our inquiry; we need not proceed to step three." *Almanza-Arenas*, 815 F.3d at 482. Cisneros's burglary convictions are not a categorical match to generic burglary, because the Oregon statute is overbroad and indivisible. Therefore, such convictions do not qualify as violent felonies under § 922(e)(2)(B) and ACCA's mandatory minimum sentence is not applicable to Cisneros.

Accordingly, we **VACATE** the sentence and **REMAND** to the district court for resentencing without applying the ACCA enhancement.