**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 12 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-35265 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 6:13-cr-00433-MC-1 |
| GARY LEE WALLS, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted December 10, 2019**
Seattle, Washington

Before: McKEOWN and CHRISTEN, Circuit Judges, and HARPOOL,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri, sitting by designation.

The United States appeals the district court's judgment granting Gary Walls's habeas corpus petition under 28 U.S.C. § 2255. The parties are familiar with the facts, so we do not repeat them here.

We review de novo a district court's order granting a habeas petition. *See United States v. Jones*, 877 F.3d 884, 886 (9th Cir. 2017) (per curiam). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), and we affirm.

The Armed Career Criminal Act's ("ACCA") residual clause mandated a sentence enhancement when a defendant who violates 18 U.S.C § 922(g) has three previous convictions that quality as "violent felon[ies]." 18 U.S.C. § 924(e). The Supreme Court struck down the ACCA's residual clause as unconstitutionally vague in *Johnson v. United States*, holding that "[i]ncreasing a defendant's sentence under the clause denies due process of law." 135 S. Ct. 2551, 2557 (2015). *Johnson*'s new rule applies retroactively on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1264–65 (2016).

To prevail on a claim that a district court violated due process by imposing a "sentence founded at least in part upon misinformation of constitutional magnitude," *United States v. Tucker*, 404 U.S. 443, 447 (1972), a defendant "must establish the challenged information is (1) false or unreliable, and (2) demonstrably made the basis for the sentence." *United States v. Hill*, 915 F.3d 669, 674 (9th Cir. 2019) (quoting *United States v. Vanderwerfhorst*, 576 F.3d 929, 935–36 (9th Cir.

2009)).

The threatened application of an unconstitutional sentence enhancement is misinformation of a constitutional magnitude. Walls agreed in plea negotiations to a sentence three times his advisory guideline range to avoid prosecution under the ACCA's residual clause, which in *Johnson* was found invalid in all its applications. 135 S. Ct. at 2557–58. In light of *Johnson*, it would have been unconstitutional to sentence Walls under the residual clause. The unconstitutional sentence enhancement leveraged by the United States during plea negotiations was a false premise demonstrably relied upon by the sentencing court in violation of due process.

The sentencing court's pre-*Johnson* presumption that Walls was potentially eligible for sentencing enhancement through the ACCA residual clause impacted the court's formulation of Walls's sentence and constitutes objectively false information. Walls's prior Oregon Burglary II conviction would not have qualified as a violent felony under the ACCA without reliance on the residual clause. *See United States v. Strickland*, 860 F.3d 1224, 1227 (9th Cir. 2017) (holding prior third-degree robbery conviction under Oregon law was not a violent felony under ACCA's force clause); *United States v. Cisneros*, 826 F.3d 1190, 1196 (9th Cir. 2016) (holding prior first-degree burglary convictions under Oregon law did not qualify as violent felonies under the ACCA).

Discussing the risk of an ACCA sentencing enhancement, the sentencing court acknowledged Walls was agreeing to a ten-year sentence rather than run the risk of a guilty verdict at trial and a subsequent 15-year minimum sentence under the ACCA. Although the plea agreement was not binding on the district court, the court indicated that "in all likelihood I am going to follow a ten-year term." At Walls's sentencing hearing, the court cited the parties' agreement, among other reasons, as a basis for the sentence. The district court followed the parties' recommendation of 120 months, three times Walls's advisory guideline range of 37 to 46 months.

A pre-*Johnson* sentence demonstrably based on the threatened application of the ACCA's unconstitutional residual clause deprived Walls of his liberty in violation of due process.

**AFFIRMED.**