Argued and submitted June 2, reversed and remanded July 14, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOHN ALAN SJOGREN,
aka John A. Sjogren,
*Defendant-Appellant.*

Coos County Circuit Court
19CR51792; A172926

494 P3d 1040

Defendant was convicted of second-degree burglary, ORS 164.215, for stealing garbage from a covered garbage pit. He appeals, arguing that the trial court erred in concluding that the garbage pit was a "building" within the meaning of the statute and denying his motion for judgment of acquittal. The state argues that the pit is a "building" because the below-ground portion is supported by 10- to 15-foot concrete walls and the structure is adapted for carrying on business. *Held*: The garbage pit is not a "building" within the meaning of ORS 164.215. Both the ordinary and expanded definitions of "building" in that statute require the structure to be enclosed by walls, which the garbage pit does not have above ground. Moreover, the garbage pit has not been "adapted" for carrying on business; the pit functions consistently with its original purpose: as a garbage pit. Accordingly, the trial court erred in denying defendant's motion for judgment of acquittal.

Reversed and remanded.

Martin E. Stone, Judge.

Stacy M. Du Clos, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Derek Olson, Certified Law Student, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

KAMINS, J.

Reversed and remanded.

**KAMINS, J.**

Defendant was convicted of second-degree burglary, ORS 164.215, for stealing garbage from a covered garbage pit. At trial, he moved for a judgment of acquittal arguing that he could not be convicted of burglary because he did not enter a "building," as required by the statute. On appeal, he assigns error to the trial court's denial of that motion, as well as the receipt of a nonunanimous jury verdict. We agree on both counts and therefore reverse.

In reviewing a trial court's denial of a motion for judgment of acquittal, we consider whether any rational trier of fact, drawing all reasonable inferences in the state's favor, could have found the essential elements of the crime beyond a reasonable doubt. *State v. Mead*, 310 Or App 57, 58, 484 P3d 366 (2021).

Defendant was seen by surveillance cameras taking garbage from the garbage pit in the center of the Coos County Solid Waste Facility. The pit is 10- to 15-feet deep with concrete walls supporting the below-ground portion. Above ground, there are no walls. There are several pillars that support a sheet metal roof covering the contents in the pit. Other than these support pillars, the area between the roof and the ground is exposed.



At the close of the state's case, defendant moved for a judgment of acquittal, arguing that the state failed to prove that the pit was a "building" as required by the burglary statute because it was "basically a roof on stilts." The trial court denied the motion, concluding that the pit qualified as a "building," because the pit had walls below ground, a roof, and was used for business purposes.

This case comes down to whether a garbage pit qualifies as a "building" for purposes of the burglary statute. Second-degree burglary requires that a person "enter[] or remain[] unlawfully in a building with intent to commit a crime therein." ORS 164.215(1). ORS 164.205(1), in turn, defines "building" in relevant part as: "'Building,' in addition to its ordinary meaning, includes any booth, vehicle, boat, aircraft or other structure adapted for overnight accommodation of persons or for carrying on business therein." Accordingly, to be a building, a structure must either fall within the "ordinary meaning" or qualify as one of the "other structure[s]" that have been adapted for carrying on business or overnight accommodation.

The garbage pit does not fall within the "ordinary meaning" of the word building. Critically for this case, the ordinary meaning of "building" requires that the structure be "more or less completely enclosed by walls." *State v. Taylor*, 271 Or App 292, 298, 350 P3d 525 (2015) (citing *Webster's Third New Int'l Dictionary* 292 (unabridged ed 1971)); *see also State v. Barker/Phelps*, 86 Or App 394, 397, 739 P2d 1045 (1987) (ordinary meaning of "building" is "any roofed and walled structure constructed for permanent use") (citing *Webster's Third New Int'l Dictionary* 292 (unabridged ed 1971)). That a building be "more or less completely enclosed by walls" is consistent with the statutory purpose of the burglary statutes—protection against invasion of premises, which is likely to terrorize occupants. *See Barker/Phelps*, 86 Or App at 397 n 1 (explaining purpose of the burglary statutes).[1]

---

[1] Our requirement that a building be mostly enclosed is consistent with courts in other jurisdictions interpreting the meaning and purpose of the word. *State v. Gamble*, 56 NC App 55, 58-59, 286 SE2d 804, 806 (1982) (requiring at least one wall) (citing *Webster's Third New Int'l Dictionary* 292 (1968)); *White v. State*, 630 SW2d 340, 342 (Tex App 1982) (defining "building" as "any *enclosed*

The garbage pit lacks walls above the ground. Although the sides of the pit below ground level have been reinforced with concrete walls, from the ground up, the pit has no walls. No rational trier of fact could conclude that that open-air structure is more or less completely enclosed by walls. It is difficult to "enter" an open-air structure, even one with a substantial below ground component, let alone terrorize its "occupants."

Having determined that the garbage pit does not meet the ordinary definition of the word "building," we next must consider whether it qualifies under the expanded definition. Under that definition, a "building" "includes any booth, vehicle, boat, aircraft or other structure adapted for overnight accommodation of persons or for carrying on business therein." ORS 164.205(1). As we have recognized, the Commentary ties this definition to the statutory purpose as well: "the purpose of [the] expansive definition of building is 'to include those structures and vehicles which typically contain human beings for extended periods of time, in accordance with the original and basic rationale of the crime: protection against invasion of premises likely to terrorize occupants.'" *State v. Webb*, 262 Or App 1, 5, 324 P3d 522 (2014) (quoting *State v. Scott*, 38 Or App 465, 467, 590 P2d 743 (1979) (citing Commentary to Criminal Law Revision Commission Proposed Oregon Criminal Code, Final Draft and Report § 135, 143 (July 1970))).

The garbage pit is not a "building" under the statute's expanded definition for several reasons. The most obvious is the one we have already mentioned: It is not, in any meaningful way, enclosed. Nothing about the expanded definition suggests an elimination of the assumption that a "building"—even if expanded to include vehicles, booths, aircrafts, and boats—is mostly enclosed, consistent with the statutory purpose to encompass structures that may have "occupants" who may be terrorized. Nor does our case law support jettisoning this premise of enclosure. *See, e.g.,*

structure intended for use or occupation as a habitation or for some purpose of trade, manufacture, or use" (emphasis added)); *Ash v. State*, 555 P2d 221, 227 (Wyo 1976) ("[T]he building must be protected from intrusion or trespass by some sort of material. It may be stone, wood, wire, or cloth." (Citing *McCabe v. State*, 1 Ga App 719, 58 SE 277, 278 (1907).)).

*Taylor*, 271 Or App at 293 (concluding that a "breezeway" was a "building" but emphasizing that the breezeway at issue was "mostly enclosed," rather than the sort of "roofed open-air passage" that the term ordinarily refers to). The state appears to acknowledge that the expanded definition is limited to structures that are mostly enclosed, arguing only that the pit is, in fact, "mostly enclosed."

Moreover, the pit has not been "adapted" from its ordinary use for overnight accommodation of persons or for carrying on business therein. The "meaning of 'adapt' is 'to make suitable (for a new or different use or situation) by means of changes or modifications.'" *State v. Nollen*, 196 Or App 141, 144, 100 P3d 788 (2004) (quoting *Webster's Third New Int'l Dictionary* 23 (unabridged ed 1993)). The critical component of this definition is that the structure is put to a *new* or *different* use. *See State v. Lambert*, 263 Or App 683, 705, 328 P3d 824, *modified on recons*, 265 Or App 742, 338 P3d 160 (2014) (recognizing that the decisive question is not whether extensive physical modifications were made to the structure but whether it is put to a new use); *see also Nollen*, 196 Or App at 144-45 (modifications to trailer including detaching it from the tractor, placing stairs next to it, and placing permanent signs advertising the trailer as a donation collection station "adapted" the trailer from its ordinary use as a transportation vehicle); *Scott*, 38 Or App at 467-68 (boxcar used for its ordinary purpose as "a structure on wheels designed for the storage of goods during their transportation" is not a "building" under the expanded definition, because, although it "is conceivable that a boxcar may be adapted for [business] purpose[s] or for accommodating people overnight, *** there is no evidence that this boxcar was so adapted").

The state contends that the garbage pit has been "adapted" for overnight accommodation of persons or for carrying on business therein, because the sides of the pit have been fortified with walls and a sheet metal roof, a curb, and posts around the perimeter have been added. Although the state has correctly identified these features of the garbage pit, they do not "change" the pit for use in a "new or different" way. Rather, they enable the garbage pit to function

consistently with its original purpose: as a garbage pit (albeit one in which the refuse is protected from the elements).

The garbage pit is not a "building" under either definition, and the trial court therefore erred in denying defendant's motion for judgment of acquittal. Because there is no dispute that the evidence is sufficient to demonstrate only that defendant unlawfully entered the premises, defendant requests that we reverse and remand to the trial court with instructions to enter a conviction for the lesser-included offense of second-degree criminal trespass, ORS 164.245. *See State v. Touchstone*, 188 Or App 45, 48, 71 P3d 536 (2003) (remanding for entry of a judgment of conviction for a lesser-included offense where "no question concerning sufficiency of the evidence [on the lesser-included] is present"). However, as defendant points out, his burglary conviction was based on a nonunanimous verdict, which is insufficient to sustain a conviction under the Sixth Amendment to the United States Constitution. *See Ramos v. Louisiana*, 590 US ___, ___, 140 S Ct 1390, 1397, 206 L Ed 2d 583 (2020) (explaining that the Sixth Amendment to the United States Constitution requires a unanimous verdict to convict a defendant of a crime); *State v. Heine*, 310 Or App 14, 21, 484 P3d 391 (2021) (applying *Ramos* to petty offense cases where a jury trial is not constitutionally required). Accordingly, there is no constitutionally valid verdict to support the conviction for a lesser-included offense. We reverse the judgment of the trial court and remand for further proceedings.

Reversed and remanded.