FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

SHAHID MILLKELLER MUTEE,
*Petitioner-Appellant*,

v.

UNITED STATES OF AMERICA,
*Respondent-Appellee.*

No. 17-15415

D.C. Nos.
2:16-cv-01583-SRB
2:95-cr-00150-SRB-1

OPINION

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued and Submitted March 26, 2019
San Francisco, California

Filed April 4, 2019

Before: J. Clifford Wallace, Johnnie B. Rawlinson,
and Paul J. Watford, Circuit Judges.

Per Curiam Opinion

## SUMMARY[*]

### 28 U.S.C. § 2255

Affirming a sentence, the panel held that, in light of *United States v. Stitt*, 139 S. Ct. 399 (2018), a conviction under North Carolina's breaking-or-entering statute, N.C. Gen. Stat. § 14-54, qualifies as a predicate felony under the Armed Career Criminal Act.

The panel wrote that *Stitt*, which held that generic burglary includes burglary of mobile structures customarily used or adapted for overnight accommodation, forecloses the defendant's argument that North Carolina's definition of "building" must be overbroad merely because it has been interpreted to encompass mobile homes. The panel wrote that to the extent this court's decision in *United States v. Grisel*, 488 F.3d 844 (9th Cir. 2007) (en banc), supported the defendant's position, that precedent has been abrogated by *Stitt*. The panel wrote that *United States v. Terrell*, 593 F.3d 1084 (9th Cir. 2010), which interpreted *Grisel* to hold that generic burglary requires burglary of an "unmovable structure," is clearly irreconcilable with *Stitt*, and is therefore overruled.

The panel rejected the defendant's contention that North Carolina's definition of "building" sweeps too broadly for generic burglary even after *Stitt*. The panel explained that while the structures in the North Carolina cases on which the defendant relies were "movable" in that they were capable

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

of mobility under different circumstances, they were expressly *not* "nonpermanent or mobile," and so fall outside the range of structures that *Stitt* indicates must be "adapted or used for overnight accommodation." The panel concluded that the defendant therefore failed to demonstrate a realistic probability that North Carolina would apply § 14-54 to conduct outside the scope of generic burglary.

## COUNSEL

Keith J. Hilzendeger (argued), Assistant Federal Public Defender; Jon M. Sands, Federal Public Defender; Office of the Federal Public Defender, Phoenix, Arizona; for Petitioner-Appellant.

Alexander Westbrook Samuels (argued) and Karla Hotis Delord, Assistant United States Attorneys; Krissa M. Lanham, Deputy Appellate Chief; Elizabeth A. Strange, First Assistant United States Attorney; United States Attorney's Office, Phoenix, Arizona; for Respondent-Appellee.

## OPINION

PER CURIAM:

We must decide in this case whether a conviction under North Carolina's breaking-or-entering statute, N.C. Gen. Stat. § 14-54, qualifies as a predicate felony under the Armed Career Criminal Act (ACCA). We hold that it does.

I

In 1996, Shahid Mutee was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The government sought an enhanced sentence under the ACCA, which provides for a mandatory minimum sentence of 15 years' imprisonment for those who violate 18 U.S.C. § 922(g) and have three prior convictions for certain violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). The district court found that Mutee had five prior convictions that qualified as predicate felonies under the ACCA, and sentenced him to 264 months in federal prison.

Following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Mutee filed a motion in the district court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The district court held that, in light of *Johnson*, two of the five prior convictions no longer qualified as predicate felonies under the ACCA. But because the court found that Mutee still had three prior convictions that did qualify, it denied his motion. One of the three remaining predicate felonies is Mutee's conviction under North Carolina's breaking-or-entering statute, N.C. Gen. Stat. § 14-54. The district court held that this conviction still qualifies as a predicate felony conviction for "burglary" under the ACCA. *See* 18 U.S.C. § 924(e)(2)(B)(ii).

On appeal, Mutee contends that his breaking-or-entering conviction should not qualify as a predicate felony under the ACCA because N.C. Gen. Stat. § 14-54 criminalizes conduct that falls outside the scope of generic burglary as defined for ACCA purposes. After the initial round of briefing was complete, the Supreme Court decided *United States v. Stitt*, 139 S. Ct. 399 (2018), which addresses a relevant question about the scope of generic burglary. We ordered the parties to file supplemental briefs on the impact of that decision on this case. We now hold, in light of *Stitt*, that a conviction under N.C. Gen. Stat. § 14-54 does qualify as a predicate felony under the ACCA. We also address the impact of *Stitt* on our precedent regarding the scope of generic burglary.

## II

As mentioned above, the ACCA mandates enhanced sentences for individuals who violate 18 U.S.C. § 922(g) and have three prior convictions "for a violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1). As relevant to this appeal, the ACCA defines "violent felony" to include "any crime punishable by imprisonment for a term exceeding one year . . . [that] is burglary." 18 U.S.C. § 924(e)(2)(B)(ii).

In *Taylor v. United States*, 495 U.S. 575, 602 (1990), the Supreme Court held that "an offense constitutes 'burglary' for purposes of a § 924(e) sentence enhancement if . . . its statutory definition substantially corresponds to 'generic' burglary." The Court defined generic burglary as a crime "having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Id.* at 599.

North Carolina's breaking-or-entering statute provides that "[a]ny person who breaks or enters any building with

intent to commit any felony or larceny therein shall be punished as a Class H felon." N.C. Gen. Stat. § 14-54(a). The statute further provides that, "[a]s used in this section, 'building' shall be construed to include any dwelling, dwelling house, uninhabited house, building under construction, building within the curtilage of a dwelling house, and any other structure designed to house or secure within it any activity or property." N.C. Gen. Stat. § 14-54(c).

Mutee argues that North Carolina's definition of "building" renders its breaking-or-entering statute overbroad for ACCA purposes. Specifically, he argues that the definition of "building" in § 14-54(c) sweeps more broadly than the term "building or structure" in *Taylor*'s definition of generic burglary. *See Taylor*, 495 U.S. at 599.

Before the Supreme Court's decision in *Stitt*, Mutee attempted to demonstrate the overbreadth of North Carolina's breaking-or-entering statute by relying on a case in which the statute was interpreted to cover the burglary of a mobile home. *See State v. Douglas*, 277 S.E.2d 467, 470 (N.C. Ct. App. 1981), *aff'd*, 285 S.E.2d 802, 803–04 (N.C. 1982). Mutee argued that movable or unfixed structures, like the mobile home, categorically fall outside the scope of generic burglary's "building or structure" element. He relied for that proposition on *United States v. Grisel*, 488 F.3d 844, 848 (9th Cir. 2007) (en banc), in which we held that generic burglary requires entry of "a structure designed for occupancy that is intended for use in one place."

Mutee's argument is no longer viable in the wake of *Stitt*. In *Stitt*, the Court held that generic burglary includes burglary of mobile structures customarily used or adapted for overnight accommodation. *Stitt*, 139 S. Ct. at 403–04. The Court determined that Tennessee's burglary statute—

which specifically refers to "mobile homes"—falls within the scope of generic burglary. *Id.* at 404; *see also* Tenn. Code Ann. §§ 39-14-403(a), -401(1)(A). That holding forecloses Mutee's argument that North Carolina's definition of "building" must be overbroad merely because it has been interpreted to encompass mobile homes.

To the extent that our court's en banc decision in *Grisel* supported Mutee's position, that precedent has been abrogated by *Stitt*. We held in *Grisel* that a "building or structure" for purposes of generic burglary must be "intended for use in one place." *Grisel*, 488 F.3d at 848. We subsequently interpreted *Grisel* to hold that generic burglary requires burglary of an "unmovable structure." *United States v. Terrell*, 593 F.3d 1084, 1093 (9th Cir. 2010). That aspect of our prior circuit law is clearly irreconcilable with *Stitt*, and is therefore overruled.

## III

In his supplemental brief, Mutee argues that North Carolina's definition of "building" sweeps too broadly for generic burglary even after *Stitt*. Mutee contends that North Carolina's definition of "building" is overbroad because it encompasses what he calls "movable structures" that are not intended for overnight accommodation. He points to cases in which the State's breaking-or-entering statute has been interpreted to cover burglary of certain mobile homes and trailers. *See Douglas*, 277 S.E.2d at 468, 470 (mobile home on display at a dealership); *State v. Bost*, 286 S.E.2d 632, 634 (N.C. Ct. App. 1982) ("blocked up" trailer used for storage of equipment at a construction site).

The problem with Mutee's argument is that he equates truly mobile structures with those that are merely "movable" under particular circumstances. Although it figures

prominently in Mutee's argument, the word "movable" does not appear in the Court's opinion in *Stitt*. The question presented in *Stitt* was "whether burglary of a *nonpermanent* or *mobile* structure that is adapted or used for overnight accommodation can qualify as 'burglary' under the Armed Career Criminal Act." *Stitt*, 139 S. Ct. at 404 (alteration omitted; emphasis added). Significantly, the structures at issue in the cases on which Mutee relies were covered by § 14-54's definition of "building" precisely because they were *permanent* and *immobile*. *See State v. Douglas*, 282 S.E.2d 832, 834 (N.C. Ct. App. 1981) (adopting the holding of *Douglas*, 277 S.E.2d 467, and explaining that § 14-54 covers mobile homes that are characterized by "the qualities of permanence and immobility"); *Bost*, 286 S.E.2d at 635 ("[Trailers] may qualify as 'buildings' [under § 14-54] if under the circumstances of their use and location at the time in question they have lost their character of mobility and have attained a character of permanence.").

In fact, North Carolina courts have made clear that burglary of truly mobile structures is covered not by § 14-54, but by § 14-56, which covers breaking or entering "any railroad car, motor vehicle, trailer, aircraft, boat, or other watercraft of any kind." N.C. Gen. Stat. § 14-56; *see Douglas*, 282 S.E.2d at 834 ("The items listed in G.S. 14-54 denote the qualities of permanence and immobility while those listed in G.S. 14-56 are characterized by a high degree of mobility."); *Bost*, 286 S.E.2d at 634–35 ("Whether other 'trailers,' or 'railroad cars' or other items specifically named in G.S. 14-56 qualify as 'buildings' under G.S. 14-54 depends upon the circumstances in each case.").[1]

---

[1] Mutee argues that § 14-54's definition of "building" is overbroad for the same reason as the Missouri and Iowa definitions that the

In sum, while the structures at issue in the cases on which Mutee relies were "movable" in that they were capable of mobility under different circumstances, they were expressly *not* "nonpermanent or mobile," and so fall outside the range of structures that *Stitt* indicates must be "adapted or used for overnight accommodation."  *Stitt*, 139 S. Ct. at 404.  Thus, Mutee has failed to point to a case in which § 14-54 has been interpreted to cover burglary of a structure that *Stitt* indicates would not satisfy generic burglary's "building or structure" element.

\*      \*      \*

Because Mutee fails to demonstrate a "realistic probability" that North Carolina would apply § 14-54 to conduct outside the scope of generic burglary, *see Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007), we hold that his conviction under that statute qualifies as a predicate felony under the ACCA.

**AFFIRMED.**

---

Supreme Court recognized as overbroad in *Stitt*.  *See Stitt*, 139 S. Ct. at 407.  He is mistaken.  The Missouri and Iowa definitions encompassed "ordinary boats and vessels often at sea (and railroad cars often filled with cargo, not people)" and "ordinary vehicles," respectively.  *Id.*  In North Carolina, each of those structures—absent particular circumstances rendering them permanent and immobile—would expressly qualify under § 14-56, not § 14-54.