FOR PUBLICATION

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

TERRANCE LEE JONES,
*Defendant-Appellant.*

No. 18-35457

D.C. No.
3:08-cr-00057-TMB-1

OPINION

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, Chief District Judge, Presiding

Argued and Submitted June 13, 2019
Anchorage, Alaska

Filed March 4, 2020

Before: A. Wallace Tashima, William A. Fletcher,
and Marsha S. Berzon, Circuit Judges.

Opinion by Judge W. Fletcher

## SUMMARY[*]

### 28 U.S.C. § 2255

The panel affirmed on different grounds the district court's denial of Terrance Lee Jones's 28 U.S.C. § 2255 motion to vacate his criminal sentence, which had been enhanced pursuant to the Armed Career Criminal Act (ACCA), in a case in which Jones was convicted of unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

The district court held that the § 2255 motion was untimely, but agreed with Jones that his prior conviction for Colorado burglary was not a conviction for a violent felony under the modified categorical approach, and that Jones therefore was not eligible for the ACCA enhancement.

The district court certified for appeal the question whether a claim of actual innocence of a noncapital sentence can be asserted to overcome a procedural default when the petitioner has received a sentence for which he was statutorily ineligible.

The panel did not need to reach the certified question because it held that Jones's prior conviction for Colorado second-degree burglary of a dwelling was a conviction for a violent felony, and that he was therefore properly subject to the ACCA enhancement. The panel explained that the prior conviction qualified as a violent felony because Colo. Rev. Stat. § 18-4-203(2)(a) covers only conduct within the generic

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

offense of burglary as defined by the Supreme Court in *United States v. Stitt*, 139 S. Ct. 399 (2018).

## COUNSEL

Michelle Nesbett (argued), Nesbett & Nesbett P.C., Anchorage, Alaska, for Defendant-Appellant.

Karen Vandergaw (argued), Assistant United States Attorney; Bryan Schroder, United States Attorney; United States Attorney's Office, Anchorage, Alaska; for Plaintiff-Appellee.

## OPINION

W. FLETCHER, Circuit Judge:

Terrance Lee Jones appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his criminal sentence. We affirm.

In 2008, Jones pleaded guilty in district court to one count of unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Such a conviction ordinarily carries a statutory maximum penalty of ten years' imprisonment. 18 U.S.C. § 924(a)(2). However, the Armed Career Criminal Act ("ACCA") imposes a fifteen-year mandatory minimum sentence for violations of § 922(g) when the offender has three or more previous convictions for a violent felony or a serious drug offense. 18 U.S.C. § 924(e)(1). The sentencing court found that Jones had three previous convictions for violent felonies and sentenced him to eighteen years' imprisonment.

Jones moved to vacate his sentence under 28 U.S.C. § 2255. The district court held that his motion was time-barred. But it noted that it agreed with Jones on the merits of one of his claims for relief. In the district court's view, Jones's prior conviction for Colorado burglary was not a conviction for a violent felony under the modified categorical approach, and Jones therefore was not eligible for the ACCA career offender sentencing enhancement. The district court issued a certificate of appealability on the following issue: "[W]hether a claim of actual innocence of a noncapital sentence can be asserted to overcome a procedural default when the petitioner has received a sentence for which he was statutorily ineligible."

On appeal, Jones argues that he is actually innocent of his sentence and that he therefore should be allowed to pursue a § 2255 motion under the miscarriage-of-justice exception to the one-year limitations period under § 2255(f). We review de novo. *United States v. Swisher*, 811 F.3d 299, 306 (9th Cir. 2016) (en banc). We do not reach the certified question because we hold that Jones's prior conviction for Colorado burglary was a conviction for a violent felony, and that he was therefore properly subject to the career offender enhancement.

ACCA defines a "violent felony" to include any state or federal felony "that 'is burglary.'" *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016) (quoting 18 U.S.C. § 924(e)(2)(B)(ii)). "A crime counts as 'burglary' under the Act if its *elements* are the same as, or narrower than, those of the generic offense." *Id.* (emphasis in original). The generic offense consists of "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 598

(1990). The Supreme Court recently explained in *United States v. Stitt*, 139 S. Ct. 399, 407 (2018), that under generic burglary "a building or other structure" includes a "vehicle[] designed or adapted for overnight use."

Under the modified categorical approach, a court must first determine whether the statute is divisible into sets of elements for different offenses or whether it merely describes alternative means of committing the same offense. *Mathis*, 136 S. Ct. at 2256. "If statutory alternatives carry different punishments, then under *Apprendi* they must be elements." *Id.* (citing, e.g., Colo. Rev. Stat. § 18-4-203 (2015)). Statutory alternatives that carry the same punishment may nonetheless describe elements of different offenses if documents such as indictments and jury instructions "referenc[e] one alternative term to the exclusion of all others." *Id.* at 2257. If a statute is divisible, a court "looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Id.* at 2249.

Jones pleaded guilty in Colorado state court in 1990 to second degree burglary as a class three felony under Colorado Revised Statutes § 18-4-203. The criminal complaint charged that Jones "did unlawfully, feloniously and knowingly enter and remain unlawfully in the dwelling of [the victims]." That is, Jones pleaded guilty to a violation of § 18-4-203(2)(a).

Colorado defines second degree burglary as follows:

> (1) A person commits second degree burglary, if he knowingly breaks an entrance into, or enters, or remains unlawfully in a building or

occupied structure with intent to commit therein a crime against a person or property.

(2) Second degree burglary is a class 4 felony, but it is a class 3 felony if:

(a) It is a burglary of a dwelling; or

(b) It is a burglary, the objective of which is the theft of a controlled substance, as defined in section 12-22-303(7), C.R.S., lawfully kept within any building or occupied structure.

Colo. Rev. Stat. § 18-4-203 (1986).

Colorado defines "dwelling" and "building" as follows:

(g) "Dwelling" means a building which is used, intended to be used, or usually used by a person for habitation.

Colo. Rev. Stat. § 18-1-901 (1986).

(1) "Building" means a structure which has the capacity to contain, and is designed for the shelter of, man, animals, or property, and includes a ship, trailer, sleeping car, airplane, or other vehicle or place adapted for overnight accommodations of persons or animals, or for carrying on of business therein, whether or not a person or animal is actually present.

Colo. Rev. Stat. § 18-4-101 (1986).

The Colorado statute is divisible in several respects—as to § 18-4-203(1) and (2), and as to § 18-4-203(2)(a) and (b). Subsections (1) and (2) correspond to offenses with different penalties. Paragraphs (a) and (b) of subsection (2) do not result in different penalties, but both the criminal complaint in Jones's case and the Colorado pattern jury instructions make clear that they contain alternative elements. *See Mathis*, 136 S. Ct. at 2257. The statute is not divisible, however, with respect to the different structures that may constitute a dwelling. The question is whether a "dwelling," as defined in §§ 18-4-101 and 18-1-901, is the same as, or narrower than, the definition of a "building or other structure" in the federal generic offense.

"*Stitt* indicates [that nonpermanent or mobile structures] must be 'adapted or used for overnight accommodation'" to satisfy the building-or-other-structure element of generic burglary. *Mutee v. United States*, 920 F.3d 624, 628 (9th Cir. 2019) (per curiam) (quoting *Stitt*, 139 S. Ct. at 404). A "building" as defined in § 18-4-101 covers significantly more than the generic element of "building or other structure," because it includes vehicles adapted for the overnight accommodation of people *or animals*, as well as structures that are designed to shelter only property. But the statutory definition of "dwelling" under § 18-1-901, which is tied to, but narrows, the definition contained in § 18-4-101, covers no more than the generic element. Vehicles included in the offense of burglary of a dwelling, as dwelling is defined in §§ 18-4-101 and 18-1-901, are only those that are both "adapted for overnight accommodations . . . or for carrying on of business therein" *and* "used, intended to be used, or usually used by a person for habitation." The requirement of adaptation for overnight accommodation means that a dwelling under the statute cannot cover, for example, "a car

in which a homeless person occasionally sleeps." *Stitt*, 139 S. Ct. at 407. And the requirement of use, intended use, or usual use by a person for habitation means that it cannot cover a vehicle merely "used[] for the storage or safekeeping" of property. *Id.* (distinguishing *Mathis*).

We conclude that Jones's prior crime of conviction of second degree burglary of a dwelling under Colo. Rev. Stat. § 18-4-203(2)(a) covers only conduct within the generic offense of burglary as defined by the Supreme Court in *Stitt*. Jones was therefore properly sentenced under 18 U.S.C. § 924(e)(1).

**AFFIRMED.**