**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

DIEGO MENDOZA-GARCIA,
                    *Petitioner*,

            v.

MERRICK B. GARLAND, Attorney
General,
                    *Respondent.*

No. 20-73583

Agency No.
A077-148-170

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 9, 2021
San Francisco, California

Filed June 10, 2022

Before:  Susan P. Graber and Daniel P. Collins, Circuit
Judges, and Jennifer Choe-Groves,* Judge.

Opinion by Judge Choe-Groves

---

    * The Honorable Jennifer Choe-Groves, Judge for the United States
Court of International Trade, sitting by designation.

## SUMMARY[**]

### Immigration

Denying in part and granting in part Diego Mendoza-Garcia's petition for review of a decision of the Board of Immigration Appeals, the panel held that: (1) first-degree burglary of a dwelling under Oregon Revised Statutes section 164.225 is an aggravated felony; and (2) the BIA misapplied a presumption in determining that Petitioner's conviction was a particularly serious crime barring withholding of removal.

Petitioner was found removable on the ground that his Oregon first-degree burglary conviction was a burglary aggravated felony under 8 U.S.C. § 1101(a)(43)(G). Petitioner argued that the Oregon statute is not a categorical match with generic burglary because it is indivisible and overbroad.

Applying the categorical approach, the panel first addressed *United States v. Cisneros*, 826 F.3d 1190 (9th Cir. 2016), in which this court held that the same Oregon statute was not a categorical match to generic burglary because the state definition of "building" includes nonpermanent and immobile structures that were excluded from the generic definition. After *Cisneros*, the Supreme Court held, in *United States v. Stitt*, 139 S. Ct. 399 (2018), that the inclusion of nonpermanent structures "designed or adapted for overnight use" does not expand a statute beyond the definition of generic burglary. The panel concluded that

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

*Cisneros* is clearly irreconcilable with *Stitt*, explaining that Oregon's definition of "building" is not more expansive than the generic definition clarified by *Stitt*. Thus, the panel expressly recognized that *Cisneros* had been overruled.

Next, the panel observed that this court has held that the Oregon first-degree burglary statute is divisible into two distinct crimes: one involving dwellings and one involving non-dwellings. Applying the modified categorical approach, the panel conducted a limited review of Petitioner's conviction record and concluded that he had been convicted of burglary of a dwelling.

The panel next concluded that Oregon first-degree burglary of a dwelling is a categorical match to generic burglary. Petitioner argued that the state statute was overbroad, but the panel concluded that all elements of the offense substantially correspond to, or are narrower than, the elements of generic burglary.

Petitioner also argued that the Government did not prove by clear and convincing evidence that he was sentenced to a term of imprisonment of at least one year, as required by the definition of a burglary aggravated felony at 8 U.S.C. § 1101(a)(43)(G). The panel rejected that contention, explaining that the sentencing court unambiguously imposed a sentence of incarceration of more than one year by sentencing Petitioner to a term of 55 months in the custody of the Oregon Department of Corrections. Accordingly, the panel concluded that Petitioner was convicted of an aggravated felony for which the imposed term of imprisonment was in excess of one year, and therefore, he was subject to removal under 8 U.S.C. § 1227(a)(2)(A)(iii).

As to withholding of removal, the BIA applied a "presumption" that Petitioner's conviction was a particularly serious crime barring that relief, and required him to "rebut" this presumption. The panel explained that for offenses that are not defined by statute as "per se" particularly serious crimes, the BIA has established a multi-factor test to determine on a case-by-case basis whether a crime is particularly serious, and that this court has rejected the view that there is any subset of such cases that is exempt from this multi-factor analysis based solely on the elements of the offense. The panel concluded that the BIA's application of a rebuttable presumption here was difficult to square with these precedents and observed that the Government conceded that the BIA's application of such a presumption appeared erroneous. Because the BIA committed an error of law, and abused its discretion, in failing to apply the correct legal standards, the panel remanded to the BIA to consider Petitioner's application for withholding of removal under the correct standards.

## COUNSEL

Nancy Alexander (argued), Lucas & Barba LLP, Portland, Oregon, for Petitioner.

Rebekah Nahas (argued), Trial Attorney; Lindsay Glauner, Senior Litigation Counsel, Criminal Immigration Team; Brian Boynton, Acting Assistant Attorney General; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

Kari E. Hong, Boston College Law School, Newton, Massachusetts; Elisa Steglich, Attorney; Simon Lu and Jill Applegate, Supervised Law Student; University of Texas School of Law, Austin, Texas; for Amicus Curiae American Immigration Lawyers Association.

**OPINION**

CHOE-GROVES, Judge:

Petitioner Diego Mendoza-Garcia, a native and citizen of Mexico, seeks review of the Board of Immigration Appeals' ("BIA") decision affirming his removability and denying his applications for withholding of removal and protection under the Convention Against Torture ("CAT"). The BIA concluded that Petitioner's 2016 conviction for first-degree burglary under Oregon law qualified as an aggravated felony and rendered him removable under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(2)(A)(iii). The BIA also found that Petitioner was ineligible for asylum, withholding of removal, and protection under the CAT. We conclude that Petitioner is subject to removal because of his conviction for first-degree burglary of a dwelling under Oregon law. In doing so, we recognize that *United States v. Cisneros*, 826 F.3d 1190 (9th Cir. 2016), is irreconcilable with a later decision of the United States Supreme Court and is overruled. We deny in part the petition as it pertains to the BIA's finding that Petitioner was removable and the BIA's denial of Petitioner's application for protection under the CAT. But, because the BIA misapplied a presumption in its analysis of Petitioner's withholding-of-removal claim, we grant the petition in part and remand for further proceedings on that issue.

**I.**

Petitioner is a native and citizen of Mexico and became a permanent resident of the United States in 2000. In 2016, Petitioner pleaded guilty to and was convicted of first-degree burglary of a dwelling under Oregon Revised Statutes section 164.225. The information and subsequent indictment charged Petitioner with unlawfully and knowingly entering and remaining in a dwelling with the intent to commit theft. He was initially sentenced to 36 months of supervised probation. Following a probation violation, Petitioner was ordered committed to the custody of the Oregon State Department of Corrections for 55 months.

The Government initiated removal proceedings against Petitioner, charging him as removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) as an alien who was convicted of an aggravated felony for which he received a sentence of at least one year. In October 2019, Petitioner filed a motion to terminate his removal proceedings. He argued that first-degree burglary under Oregon law is indivisible and overbroad as an aggravated felony and that the Government failed to demonstrate his removability by clear and convincing evidence as it was not established that he was sentenced to at least one year of imprisonment. In denying the motion, the immigration judge ("IJ") ruled that, following *United States v. Stitt*, 139 S. Ct. 399, 406 (2018), first-degree burglary under Oregon law is a categorical match to generic burglary and that Petitioner was sentenced to at least one year of imprisonment for violating his probation.

Petitioner applied for cancellation of removal, asylum, withholding of removal, and protection under the CAT. He argued that his history of alcohol dependency would place

him at risk of harm because of the lack of safe support programs in Mexico and that his visible cultural and religious tattoos would make him a target for the police, gangs, cartels, and other organized groups. The IJ found Petitioner to be statutorily ineligible for asylum for having been convicted of an aggravated felony. Petitioner was found ineligible for withholding of removal because his conviction for first-degree burglary was deemed to be a particularly serious crime. In the alternative, the IJ denied withholding of removal because Petitioner failed to demonstrate that it was more likely than not that he would be persecuted based on his membership in a particular group if removed to Mexico. The IJ also denied Petitioner's application for CAT protection, finding that he failed to demonstrate that it was more likely than not that he would be tortured if removed to Mexico.

Petitioner appealed the IJ's decision to the BIA. In affirming the IJ's decision, the BIA rejected Petitioner's argument that the Oregon first-degree burglary statute is overbroad because it includes nonpermanent structures, structures used solely for business purposes, curtilages, and structures that were entered lawfully. The BIA affirmed the decision of the IJ, concluding that first-degree burglary under Oregon law is an aggravated felony, making Petitioner subject to removal under 8 U.S.C. § 1227(a)(2)(A)(iii). The BIA denied Petitioner's withholding of removal claim based on a presumption that the burglary conviction was a particularly serious crime. The BIA also denied Petitioner's claim for protection under the CAT.

## II.

We review questions of law de novo, including whether a conviction is a removable offense. *Mielewczyk v. Holder*, 575 F.3d 992, 994 (9th Cir. 2009). The agency's factual

findings are reviewed for substantial evidence. 8 U.S.C. § 1252(b)(4)(B). We review the BIA's determination of whether a crime is particularly serious for abuse of discretion. *Arbid v. Holder*, 700 F.3d 379, 383 (9th Cir. 2012) (per curiam). We may reverse the BIA's decision for abuse of discretion only if we determine that the BIA acted "arbitrarily, irrationally, or contrary to law." *Id.* at 385 (internal quotation marks omitted).

## III.

We consider, in turn, the BIA's determination of Petitioner's removability and its denials of Petitioner's applications for withholding of removal and CAT protection.

## A.

Petitioner was charged with removability under 8 U.S.C. § 1227(a)(2)(A)(iii), which provides: "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." The Government bases its charge on Petitioner's first-degree burglary conviction. Aggravated felonies include a "burglary offense for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(G). Petitioner argues that the BIA failed to recognize that (1) the Oregon first-degree burglary statute is not a categorical match with generic burglary because it is indivisible and overbroad and (2) the Government did not prove by clear and convincing evidence that Petitioner was sentenced to a term of imprisonment of at least one year.

## 1.

In determining whether Petitioner's conviction is an aggravated felony, we apply the categorical approach

outlined in *Taylor v. United States*, 495 U.S. 575, 600–02 (1990), in which we look to whether first-degree burglary under Oregon law substantially corresponds to, or is narrower than, the elements of generic burglary. *Quarles v. United States*, 139 S. Ct. 1872, 1880 (2019). The Supreme Court has defined the elements of generic burglary as the "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor*, 495 U.S. at 599. In comparing this generic definition to the conviction statute, we disregard the specific facts of the case and look only to the elements of the two crimes. *Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013).

The Oregon statute provides that first-degree burglary occurs when a person:

> violates [Oregon Revised Statutes section] 164.215 and the building is a dwelling, or if in effecting entry or while in a building or in immediate flight therefrom the person:
>
> (a) Is armed with a burglary tool or theft device as defined in [Oregon Revised Statutes section] 164.235 or a deadly weapon;
>
> (b) Causes or attempts to cause physical injury to any person; or
>
> (c) Uses or threatens to use a dangerous weapon.

Or. Rev. Stat. § 164.225(1). This statute incorporates section 164.215, which criminalizes as second-degree

burglary "enter[ing] or remain[ing] unlawfully in a building with intent to commit a crime therein." *Id.* § 164.215(1).

In *United States v. Cisneros,* we held that Oregon first-degree burglary is not a categorical match to generic burglary because the definition of "building" used in the statute includes nonpermanent and immobile structures, such as "booths, vehicles, boats, or aircrafts" that were excluded from the generic definition of burglary articulated in *Taylor*. *Cisneros*, 826 F.3d at 1194 (citing *Taylor*, 495 U.S. at 599). *Cisneros* relied on *United States v. Grisel*, 488 F.3d 844 (9th Cir. 2007) (en banc). There, we held that a "building or structure" under the "federal definition of generic burglary" does not include structures such as trailers and boats and is limited to "constructed edifices intended for use in one place." *Grisel*, 488 F.3d at 848–849, 851, *abrogated by Stitt*, 139 S. Ct. 399 (2018).

Two years after we issued *Cisneros*, the Supreme Court decided *United States v. Stitt*. The Court held that the inclusion of nonpermanent structures "designed or adapted for overnight use" does not expand a statute beyond the definition of generic burglary. *Stitt*, 139 S. Ct. at 407. This change in the law warrants a renewed consideration of *Cisneros*.

As a threshold question, we must resolve whether *Cisneros* is clearly irreconcilable with *Stitt*. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc) (holding that a three-judge panel is bound by the decision of another three-judge panel unless an intervening decision of a relevant court of last resort "undercut[s] the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable"). The sole ground articulated by the court in *Cisneros* for finding the Oregon burglary statute to be overbroad was its inclusion of

nonpermanent structures, such as "booths, vehicles, boats, or aircrafts." *Cisneros*, 826 F.3d at 1194. The *Cisneros* holding rested in part on *Grisel*. *Id.* at 1194–95. The Supreme Court disapproved of excluding nonpermanent buildings and structures from generic burglary in *Stitt*. *See Stitt*, 139 S. Ct. at 406–07; *see also Mutee v. United States*, 920 F.3d 624, 627 (9th Cir. 2019) (per curiam) (recognizing that *Stitt* abrogated *Grisel*). Looking specifically at the Oregon first-degree burglary statute, the term "building" means, "in addition to its ordinary meaning . . . any booth, vehicle, boat, aircraft or other structure adapted for overnight accommodation of persons or for carrying on business therein." Or. Rev. Stat. § 164.205(1). This text is not more expansive than the generic definition of burglary as clarified by *Stitt*. Because *Cisneros* is clearly irreconcilable with *Stitt*, we now expressly recognize that *Cisneros* is overruled.

## 2.

Having disposed of the precedential limitations of *Cisneros*, we turn to the question whether the specific offense of which Petitioner was convicted is an aggravated felony. When a statute is divisible and provides elements for more than one distinct crime, we apply a modified categorical approach to consider only the specific offense of conviction. *Mathis v. United States*, 579 U.S. 500, 505–06 (2016). We recently held that the Oregon first-degree burglary statute is divisible into two distinct crimes: (1) entering or unlawfully remaining in a *dwelling* with the intent to commit a crime therein; and (2) entering or unlawfully remaining in a *non-dwelling* building with intent to commit a crime plus an aggravating factor. *Diaz-Flores v. Garland*, 993 F.3d 766, 771–72 (9th Cir. 2021). In *Cisneros*, we addressed the first of these two distinct crimes and noted that the Oregon statute is not further divisible as

to the "type" of dwelling.  826 F.3d at 1194–95; *see also Diaz-Flores*, 993 F.3d at 772 & n.5.  As noted earlier, we then held in *Cisneros* that the Oregon statute's definition of "dwelling" was not a categorical match to the federal generic crime of burglary because it included burglary of structures such as "booths, vehicles, boats, or aircrafts," 826 F.3d at 1194, but *Stitt* has abrogated that holding.  As we recognized in *Diaz-Flores*, however, nothing in *Cisneros* is inconsistent with our recognition that the Oregon statute is divisible with respect to burglary of dwellings versus burglary of non-dwellings. 993 F.3d at 772.  This reading of the statute is supported further by Oregon's Uniform Criminal Jury Instructions, which distinguish between burglary in the first-degree of a dwelling, Or. Unif. Crim. Jury Instr. 1901, and burglary in the first-degree of a building other than a dwelling, Or. Unif. Crim. Jury Instr. 1902. *See Almanza-Arenas v. Lynch*, 815 F.3d 469, 482 (9th Cir. 2016) (en banc) (considering the California pattern jury instructions in determining divisibility).

To ascertain the specific crime of Petitioner's conviction, we may conduct a limited review of the record of conviction. *Diaz-Flores*, 993 F.3d at 772 (citing *Descamps v. United States*, 570 U.S. 254, 257 (2013)).  Petitioner's charging instruments describe the burglary as "unlawfully and knowingly enter[ing] and remain[ing] [in] a *dwelling . . .* with the intent to commit the crime of theft therein." (Emphasis added).  In his plea agreement, Petitioner admits: "I unlawfully and knowingly entered and remained in *an occupied dwelling* with the intent to commit the crime of theft therein." (Emphasis added).  Accordingly, we conclude that Petitioner was convicted of first-degree burglary of a dwelling.

Having identified the specific crime of conviction, we must now determine whether the elements of Oregon first-degree burglary of a dwelling are a categorical match to generic burglary. The elements of Oregon first-degree burglary of a dwelling are: (1) the offender enters or remains unlawfully; (2) the building is a dwelling; and (3) the offender has the intent to commit a crime therein. Or. Rev. Stat. §§ 164.215, 164.225. Oregon law defines "building" to include, in addition to its ordinary meaning, "any booth, vehicle, boat, aircraft or other structure adapted for overnight accommodation of persons or for carrying on business therein." *Id*. § 164.205(1). "Dwelling" is defined as "a building which regularly or intermittently is occupied by a person lodging therein at night, whether or not a person is actually present." *Id.* § 164.205(2).

The first element of Oregon first-degree burglary is that the offender "enter[] or remain[] unlawfully." *Id.* § 164.215; *see also id.* § 164.225. Similarly, generic burglary prohibits "unlawful or unprivileged entry." *Taylor*, 495 U.S. at 599. Petitioner contends that the Oregon statute is overbroad because it covers burglary resulting from a lawful entry and situations in which a lawful entrant exceeds the scope of licensed entry but there is no risk of likely violent confrontation. A plain reading of the Oregon statute disposes of Petitioner's first contention. Oregon law defines "enter or remain unlawfully" as:

> (a) To enter or remain in or upon premises when the premises, at the time of such entry or remaining, are not open to the public and when the entrant is not otherwise licensed or privileged to do so;

(b) To fail to leave premises that are open to the public after being lawfully directed to do so by the person in charge;

(c) To enter premises that are open to the public after being lawfully directed not to enter the premises; or

(d) To enter or remain in a motor vehicle when the entrant is not authorized to do so.

Or. Rev. Stat. § 164.205(3). This definition makes clear that "unlawfully" modifies both "enters" and "remains" in section 164.215. Furthermore, the generic definition of burglary encompasses situations in which an offender remains unlawfully within a building. *See Quarles*, 139 S. Ct. at 1877. There is no additional requirement that the unlawful presence be accompanied by an actual risk of violent confrontation. Thus, the first element of Oregon first-degree burglary of a dwelling is not overbroad.

The second element of Oregon first-degree burglary of a dwelling is that the building be a dwelling. Generic burglary covers burglaries of traditional buildings or structures. *Taylor*, 495 U.S. at 598. The definition also encompasses burglary of nonpermanent structures that have been "designed or adapted for overnight use." *Stitt*, 139 S. Ct. at 405–07.

Petitioner contends that Oregon first-degree burglary is overbroad because it covers burglary of non-structures, vehicles that are intermittently occupied at night, and structures used solely for business purposes. As recognized in *Stitt*, though, generic burglary encompasses non-traditional and nonpermanent structures that are "designed

or adapted for overnight use." *Id.* The definition of "building" under Oregon law imposes an almost identical qualification on non-traditional buildings. Or. Rev. Stat. § 164.205(1). The definition of "building" is further modified by the requirements that it be a "dwelling" and that it be "regularly or intermittently [] occupied by a person lodging therein at night, whether or not a person is actually present." Or. Rev. Stat. §§ 164.205(2), 164.225(1).

The requirement of adaptation for overnight accommodation forecloses the applicability of the statute to vehicles or structures that might provide occasional shelter despite being designed for another purpose, such as a car in which a homeless person occasionally sleeps. *See United States v. Jones*, 951 F.3d 1138, 1141 (9th Cir. 2020) (applying *Stitt* to Colorado's burglary statute, which defined "building" to include "structures" such as vehicles). The additional requirement that the building be regularly or intermittently occupied by a person lodging therein at night forecloses the statute's applicability to buildings and vehicles used solely for business purposes or storage. *See id.* Petitioner has not demonstrated a realistic probability that the Oregon first-degree burglary statute, as it pertains to the burglary of a dwelling, would be applied to burglary of a structure or non-structure that would not be covered by generic burglary. *See Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007) ("[T]o find that a state statute creates a crime outside the generic definition of a listed crime in a federal statute requires more than the application of legal imagination to a state statute's language. It requires a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime.").

Petitioner also argues that the Oregon first-degree burglary statute is overbroad because it covers curtilages, which are not buildings or structures under the generic definition of burglary. In support of this argument, Petitioner cites *State v. Taylor*, 350 P.3d 525 (Or. Ct. App. 2015), in which the Oregon Court of Appeals sustained the conviction of a defendant who attempted to steal cans from an area described in the case as a "breezeway." But the court in *Taylor* noted that the location of the burglary was not a breezeway as the term is commonly understood. *Id.* at 526. The area was roofed, almost fully enclosed, and shared walls with both a house and a garage. *Id.* at 526–27. There was a door connecting the area to the garage, though no door to the house. *Id.* The only opening to the outside was an archway approximately the size of a door. *Id.* The Oregon Court of Appeals ultimately concluded that the breezeway in fact was part of the dwelling. *Id.* at 533. We are not convinced that there is a realistic probability that Oregon courts would extend first-degree burglary to curtilages or separate buildings. *See Gonzales*, 549 U.S. at 193. The text of the Oregon first-degree burglary statute clearly limits its application to buildings. Therefore, the second element of Oregon first-degree burglary of a dwelling is not overbroad.

The final element of Oregon first-degree burglary of a dwelling is that the offender has the intent to commit a crime therein. Generic burglary also includes as an element that the offender possess intent to commit a crime. *Taylor*, 495 U.S. at 599. These elements are consistent. Because all elements of first-degree burglary of a dwelling under Oregon law substantially correspond to, or are narrower than, the elements of generic burglary, the Oregon first-degree burglary statute is a categorical match to generic burglary.

**3.**

To qualify as an aggravated felony under federal law, a conviction for a burglary offense must result in a "term of imprisonment [of] at least one year." 8 U.S.C. § 1101(a)(43)(G). "Term of imprisonment" refers to the actual sentence imposed by the sentencing judge. *Alberto-Gonzalez v. INS*, 215 F.3d 906, 910 (9th Cir. 2000). The Government bears the burden of demonstrating by clear and convincing evidence that this requirement has been satisfied. 8 U.S.C. § 1229a(c)(3)(A).

Petitioner was initially sentenced to supervised probation for a period of 36 months. After he violated the terms of his probation, the following sentence was imposed: "Defendant shall be committed to the custody of the Oregon State Department of Corrections/Marion County Supervisory Authority for  55  months. The length of post-prison supervision shall be  36  months. The Supervisory Authority may impose sanctions other than incarceration." Petitioner contends that this passage is ambiguous and could be interpreted as imposing either 55 months of incarceration or 55 months of sanctions other than incarceration. In support of this interpretation, Petitioner points to the sentencing court's order as indicating that he could have been committed to the custody of the Marion County Supervisory Authority.

We are not convinced. The wording that Petitioner cites is taken from a pre-printed form order that allowed the sentencing judge to manually add the terms of incarceration and post-prison supervision. Under Oregon law, a court that imposes a sentence of incarceration of more than one year must commit the defendant to the custody of the Oregon Department of Corrections. Or. Rev. Stat. § 137.124(1)(a). Only if the sentence imposed is for one year or less may the

sentencing court commit a defendant to the custody of a local supervisory authority. *Id.* § 137.124(2)(a). By sentencing Petitioner to a term of 55 months in the custody of the Oregon Department of Corrections, the sentencing court unambiguously imposed a sentence of incarceration of more than one year. This interpretation is bolstered by the sentencing court's inclusion of specific authorization for the Department of Corrections to release Petitioner on post-prison supervision under Oregon Revised Statutes section 421.508(4), which requires an offender to have served a term of incarceration of at least one year. *See* Or. Rev. Stat. § 421.508(4). Reading the order within the context of the relevant Oregon law, it is clear that Petitioner was sentenced to a term of incarceration of 55 months in the custody of the Oregon Department of Corrections. The term of incarceration was to be followed by 36 months of post-prison supervision by the Marion County Supervisory Authority, which was authorized to impose sanctions other than incarceration for violations of the terms of Petitioner's supervised release.

We conclude that Petitioner was convicted of an aggravated felony for which the imposed term of imprisonment was in excess of one year. Therefore, Petitioner is subject to removal under 8 U.S.C. § 1227(a)(2)(A)(iii).

## B.

A non-citizen is ineligible for withholding of removal if convicted of a "particularly serious crime" and deemed "a danger to the community of the United States." 8 U.S.C. § 1231(b)(3)(B)(ii). A crime can qualify as a particularly serious crime in two ways. The first is when an aggravated felony results in a sentence of a term of imprisonment of at least five years. *Id.* § 1231(b)(3)(B). The second occurs

when the Attorney General, through the BIA, designates "offenses as particularly serious crimes through case-by-case adjudication as well as regulation." *Delgado v. Holder*, 648 F.3d 1095, 1098 (9th Cir. 2011) (en banc). As Petitioner was not sentenced to a term of imprisonment of five years or more, we consider the second category.

In determining whether a crime is particularly serious, the BIA considers: "(1) the nature of the conviction, (2) the type of sentence imposed, and (3) the circumstances and underlying facts of the conviction." *Bare v. Barr*, 975 F.3d 952, 961 (9th Cir. 2020) (quoting *In re N-A-M-*, 24 I. & N. Dec. 336, 342 (B.I.A. 2007), *overruled in part on other grounds by Blandino-Medina v. Holder*, 712 F.3d 1338, 1347–48 (9th Cir. 2013)) (internal quotation marks omitted). This analysis begins with the BIA determining whether the elements of the crime of conviction "potentially bring the crime into a category of particularly serious crimes." *In re N-A-M-*, 24 I. & N. at 342. If so, the BIA then considers "all reliable information" in analyzing the remaining two factors. *Id.*

The IJ found that Petitioner's conviction for first-degree burglary constituted a particularly serious crime and barred withholding of removal. In reaching his conclusion, the IJ reviewed the specific facts of the burglary and concluded that Petitioner's unlawful entry and conduct during the burglary created a potential for danger. The IJ also considered Petitioner's sentences of 36 months of probation for first-degree burglary and 55 months of incarceration for the subsequent probation violation. The IJ noted that he did not consider the 55-month sentence as evidence of enhancement of the burglary conviction but viewed the sentence as evidence of the seriousness that the sentencing court attached to the offense. In considering the events in

their totality, the IJ recognized a pattern of conduct that indicated a potential danger, including repeated violations of no-contact orders.  Upon review of the conviction and the surrounding facts, the IJ found Petitioner's burglary to be a particularly serious crime.

The BIA reviews de novo the IJ's determination of "questions of law, discretion, and judgment," 8 C.F.R. § 1003.1(d)(3)(ii), including whether an alien's prior offense is a "particularly serious crime."  It is unclear whether the BIA undertook that de novo review here, because it applied a "presumption" that Petitioner's conviction was a particularly serious crime and required him to "rebut" this presumption.  But for those offenses that are not defined by the statute itself as "per se a particularly serious crime," the BIA's precedent establishes "a multi-factor test to determine on a case-by-case basis whether a crime is particularly serious." *Bare*, 975 F.3d at 961.  Moreover, we have rejected the view that there is any subset of such cases that is exempt from this multi-factor analysis "based solely on the elements of the offense." *Blandino-Medina*, 712 F.3d at 1348.  The BIA's application of a rebuttable presumption is difficult to square with these precedents, and the Government concedes in its brief that the BIA's application of such a presumption "appears erroneous."  The BIA committed an error of law, and abused its discretion, in failing to apply the correct legal standards in assessing whether Petitioner's offense was a "particularly serious crime."  We therefore remand to the BIA to consider Petitioner's application for withholding of removal under the correct standards.

## C.

The BIA determined that Petitioner is not entitled to protection under the CAT.  To qualify for CAT protection, Petitioner must prove "that it is more likely than not that he

. . . would be tortured if removed" to Mexico. 8 C.F.R. § 208.16(c)(2). Petitioner has not alleged past torture. The potential for future torture at the hands of Mexican police and gang members because of his tattoos and the risks associated with alcohol abuse and dependence are too speculative. We therefore conclude that the BIA's determination that Petitioner is not entitled to protection under the CAT is supported by substantial evidence. *See Xiao Fei Zheng v. Holder*, 644 F.3d 829, 835–36 (9th Cir. 2011) (concluding that the record did not compel a reversal with respect to the BIA's finding that the potential for future torture was speculative). We deny the petition with respect to CAT relief.

## IV

In summary, we conclude that Oregon first-degree burglary of a dwelling is a categorical match to generic burglary and, in doing so, expressly recognize that our prior decision in *United States v. Cisneros*, 826 F.3d 1190 (9th Cir. 2016), is overruled. We deny the petition as to the BIA's finding that Petitioner is subject to removal under section 237(a)(2)(A)(iii) of the INA, 8 U.S.C. § 1227(a)(2)(A)(iii), and the BIA's denial of Petitioner's application for CAT protections. Because the BIA erred in applying a presumption that Petitioner's conviction for first-degree burglary of a dwelling constituted a particularly serious crime, we remand Petitioner's application for withholding of removal to the BIA for renewed consideration applying the correct legal standard.

**PETITION FOR REVIEW IS DENIED IN PART AND GRANTED AND REMANDED IN PART. The parties shall bear their own costs on appeal.**