NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 12 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| JENNIFER SOFIA MENDEZ GUEVARA, | No. 15-72290 |
| Petitioner, | Agency No. A088-968-939 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submission Deferred November 21, 2022
Submitted February 8, 2024[**]
San Francisco, California

Before: GRABER and OWENS, Circuit Judges, and BATAILLON,[***] District
Judge.

Petitioner Jennifer Sofia Mendez Guevara, a native and citizen of Honduras,

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Joseph F. Bataillon, United States District Judge for
the District of Nebraska, sitting by designation.

entered the United States in 1993 without inspection. She conceded removability but sought asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). The Board of Immigration Appeals ("BIA") dismissed her appeal from an immigration judge's ("IJ") denial of asylum and withholding of removal. In addition, the BIA sustained the government's appeal of the IJ's grant of deferral of removal under CAT. Petitioner timely seeks our review. We deny the petition.

1. The BIA determined that Petitioner's conviction for grand theft constituted a particularly serious crime, rendering her ineligible for asylum and withholding of removal. 8 U.S.C. § 1231(b)(3)(B)(ii); see also Avendano-Hernandez v. Lynch, 800 F.3d 1072, 1077 (9th Cir. 2015) ("We have jurisdiction to review for abuse of discretion the BIA's conclusion that an offense constitutes a particularly serious crime."). We reverse only "if the BIA acted arbitrarily, irrationally, or contrary to law." Arbid v. Holder, 700 F.3d 379, 385 (9th Cir. 2012) (per curiam) (citation and internal quotation marks omitted).

Because Petitioner's conviction did not result in an aggregate sentence of imprisonment of at least five years, the BIA conducted a case-specific analysis that considered "(1) the nature of the conviction, (2) the type of sentence imposed, and (3) the circumstances and underlying facts of the conviction." Bare v. Barr, 975 F.3d 952, 961 (9th Cir. 2020) (citation and internal quotation marks omitted). The

BIA properly concluded that it was not necessary to determine whether Petitioner had been convicted of grand theft in violation of section 487 of the California Penal Code ("CPC") or robbery in violation of section 211 of the CPC. Under either statute, the elements of the offense "potentially bring the crime into a category of particularly serious crimes." Mendoza-Garcia v. Garland, 36 F.4th 989, 999 (9th Cir. 2022) (quoting In re N-A-M-, 24 I&N Dec. 336, 342 (BIA 2007)) (internal quotation marks omitted). Relying on its prior decision, the BIA also considered Petitioner's sentence and the facts and circumstances of the crime, which included Petitioner's brandishing a knife at a clerk while robbing a convenience store. This court may not "reweigh the evidence" to arrive at our own conclusion about the crime's seriousness. Avendano-Hernandez, 800 F.3d at 1077. Here, the BIA considered the appropriate factors and did not abuse its discretion in concluding that Petitioner was ineligible for asylum and withholding of removal because of her conviction for a particularly serious crime.

2. In addition, the BIA permissibly concluded that Petitioner demonstrated neither that she is more likely than not to face torture if returned to Honduras nor that any torture would be with the consent or acquiescence of governmental officials. See 8 C.F.R. § 208.16(c)(2) (placing the burden of proof on the applicant). We review the BIA's denial of CAT relief for substantial evidence. Benedicto v. Garland, 12 F.4th 1049, 1063 (9th Cir. 2021). Petitioner fears

3

persecution and torture because of her sexual orientation; she is a lesbian. But the record demonstrates that Petitioner does not know anyone in Honduras who would want to harm her—including anyone in the Honduran government. Nor has Petitioner suffered past torture in Honduras.

Petitioner asserts that she has heard of lesbians being subject to mistreatment and violence in Honduras and cites country-conditions evidence showing that LGBTQ people have been murdered. Nonetheless, the record contains countervailing evidence, including a 2011 State Department Human Rights Report for Honduras that details the Honduran government's creation of a special task force designed to address violent crimes against vulnerable communities—including LGBTQ people. In view of that evidence, the record does not compel a conclusion contrary to the BIA's findings. See Zheng v. Holder, 644 F.3d 829, 835 (9th Cir. 2011) ("In order for this court to reverse the BIA with respect to a finding of fact, the evidence must compel a different conclusion from the one reached by the BIA."). Accordingly, the BIA's decision to deny deferral of removal under CAT is supported by substantial evidence.

**PETITION DENIED.** The stay of removal remains in place until the mandate issues.